32 F.3d 562
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Bernie J. Grablowsky, Debtor.
John W. AINSLIE; John W. Ainslie, Sr., Plaintiffs-Appellees,
v.
Bernie J. GRABLOWSKY, Defendant-Appellant,
Jack D. Maness, Trustee-Appellee,
and
United States Trustee, Trustee.
 No. 93-2289.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1994.
Decided Aug. 8, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-93-125-2, BK-92-23974-T)
 Barry Randolph Koch, McCardell & Inman, P.L.C., Virginia Beach, Va., for appellant.
 Joseph Todd Liberatore, Marcus, Santoro & Kozak, Portsmouth, Va., for appellees.
 On Brief: Robert V. Roussos, Roussos, Ford & Langhorne, Norfolk, Va., for appellant.
 E.D.Va.
 AFFIRMED.
 Before MICHAEL, Circuit Judge, BUTZNER, Senior Circuit Judge, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Bernie J. Grablowsky, a Chapter 7 debtor, appeals from an order of the United States District Court for the Eastern District of Virginia affirming a ruling of the bankruptcy court which granted a motion for relief from an automatic stay filed by appellees, John W. Ainslie and John W. Ainslie, Sr. (Ainslies).[1] For the reasons to follow we affirm.
 
 
 2
 The parties stipulated to the following pertinent facts: On July 9, 1992, Grablowsky (debtor) filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, and Jack D. Maness was appointed the interim trustee. At the time he filed the petition, Grablowsky was a general partner in Piper Apartment Associates, L.P. (Piper) and a limited partner in Lisa Square Associates, L.P. (Lisa Square). The Ainslies were general partners in Piper.
 
 
 3
 Debtor listed his partnership interests in Piper and Lisa Square on his bankruptcy Schedule C form and designated the value of each interest as $1.00 and the amount exempt as $1.00. No creditor or interested party filed an objection to debtor's Schedule C exemptions within the thirty days permitted by 11 U.S.C. Sec. 522(l) and F.R.Bank.P. 4003(b). However, the Ainslies subsequently moved the bankruptcy court for relief from the automatic stay in order that they might purchase from the trustee any "non-exempt" portion of debtor's interest in these two partnerships. The bankruptcy court found that Grablowsky had only exempted $1.00 of his interest in the partnerships and, therefore, granted the Ainslies' motion for relief from the stay.
 
 
 4
 On appeal, Grablowsky asserts that the lower courts erred in finding that he had exempted only $1.00 of his partnership interest, not the entire interest, and accordingly that the court erred in holding that good cause existed for granting a relief from stay. After considering oral argument and reviewing the record and briefs, the court finds no merit in appellant's assignments of error, and based on the reasoning in the district court's opinion and order, Ainslie v. Grablowsky, No. 2:93cv125 (E.D.Va., September 3, 1993), the judgment appealed from is
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 The parties in a consolidated case, In Re Reavis, No. 93-2290, filed a stipulation of dismissal during the pendency of this appeal, and pursuant to F.R.App.P. 42(b) the court dismissed without prejudice the appeal in that related case