**In re Oren Scott BROWN, Debtor.**

**Bankruptcy No. 97–04138–6J7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Feb. 11, 1998.

Robert H. Pflueger, Altamonte Springs, FL, for Debtor.

George E. Mills, Jr., Orlando, FL, Trustee.

Mac D. Heavener, III, Altamonte Springs, FL, for Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEBTOR'S MOTIONS TO DISMISS OBJECTIONS TO EXEMPTIONS

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on December 9, 1997, on the Motion by Debtor to Dismiss Trustee's Objection to Debtor's Exemptions as Untimely (Doc. No. 23) and the Motion by Debtor to Dismiss Michelle May's Objection to Debtor's Exemptions as Untimely (Doc. No. 26) (the "Motions"). The parties also submitted memoranda in support of their respective positions (Doc. Nos. 30, 31 and 32). After reviewing the pleadings and considering the arguments of counsel and applicable law, the Motions are denied.

*Background.* The debtor, Oren Scott Brown (the "Debtor"), filed this Chapter 7 case on May 21, 1997. The initial meeting of creditors was scheduled by the Chapter 7 Trustee, George E. Mills, Jr. (the "Trustee"), for June 20, 1997. The Debtor did not attend that meeting, and the meeting was adjourned until July 11, 1997.

At the rescheduled meeting of creditors [1], the Debtor and his counsel appeared and answered numerous questions both by the Trustee and by other parties in interest, including Michelle May, a creditor with a judgment exceeding $1.2 million. Due to the length of questioning and based on the information disclosed, the Trustee expressed his intention to retain counsel and to reschedule the meeting after counsel was retained (Doc. No. 29). The Trustee had legitimate grounds for believing that further investiga-

tion would prove fruitful in his administration of this case.

The Debtor in his memorandum (Doc. No. 33) contends that the Trustee did not expressly state his intentions to continue the meeting of creditors. Because no tape recording of the meeting of creditors exists, the Court cannot corroborate the exact conversation that occurred among the parties attending the meeting. However, the Court accepts as accurate, and the Debtor does not dispute, that the Trustee did discuss his intention to retain counsel. The logical extension of this decision to retain counsel is that the meeting was continued until such time as the Trustee's new counsel could investigate the Debtor's situation and reconvene the adjourned meeting. As such, the Court concludes that on July 11, 1997, the Trustee either implicitly or explicitly continued the meeting of creditors to an unspecified future date.

Shortly thereafter, on July 25, 1997, the Trustee retained counsel, Mac Heavener, to represent him (Doc. No. 15). On August 13, 1997, Mr. Heavener attended a deposition of the Debtor scheduled by counsel for Ms. May and asked substantial additional questions during the course of this deposition. As a result of the information ascertained at the deposition, the Trustee filed an Objection to the Debtor's Exemptions (Doc. No. 21) and, on October 24, 1997, filed a Report by Trustee of Conclusion of Meetings of Creditors (Doc. No. 22). No formal continued meeting of creditors was held. On November 5, 1997, Ms. May also filed an Objection to the Debtor's Exemptions similar to the one filed by the Trustee (Doc. No. 25).

In connection with the two Objections to Exemptions, the Debtor filed the Motions contending that the objections were untimely because they were filed more than thirty days after July 11, 1997, the date of the adjourned meeting of creditors held in this case. Bankruptcy Rule 4003(b) requires objections to exempt property to be filed within

---

1. The United States Trustee's office cannot find the tape that contains the record of the continued meeting of creditors. The Court notes that the United States Trustee's office has a duty to preserve these tape recordings for two years after the conclusion of the meeting of creditors which was not done in this case. Fed.R.Bankr.P. 2003(c). Perhaps some improvements are merited in the United States Trustee's method of maintaining these tape recordings.

thirty days of the conclusion of the applicable meeting of creditors. The Trustee and the creditor contend that the objections were timely because the meeting of creditors was not concluded until the Trustee filed a Report of Conclusion of Meeting of Creditors on October 24, 1997. Therefore, the only issue raised by the Motions is to determine what action is necessary to conclude a meeting of creditors. Did the meeting conclude on July 11 when the Trustee continued the meeting to an unspecified future date yet held no further meeting? Or, instead, did the meeting conclude when the Trustee filed his Report of Conclusion of Meeting of Creditors?

▆▆▆ *Overview of the Meeting of Creditors.* Under Section 341 of the Bankruptcy Code [2], the United States Trustee ("UST") is charged with the responsibility of convening and presiding at the meeting of creditors in a bankruptcy case. The purpose of the meeting of creditors is to provide the machinery for the creditors to examine the debtor, to elect the trustee if desired, and to be heard generally in an advisory capacity on questions concerning the administration of the estate. *See,* 3 Collier on Bankruptcy, Paragraph 341.01 at 341–3 (15th ed.1997). Further, in a chapter 7 case, the meeting of creditors also serves to ensure that the debtor has a basic understanding of the consequences of filing bankruptcy. *Id.;* Section 341(d).

▆▆▆ Federal Rule of Bankruptcy Procedure 2003 provides that a meeting of creditors, in a chapter 7 case, shall be held no fewer than 20 days and no more than 40 days after the order for relief [3]. Fed.R.Bankr.P. 2003(a). More importantly, the meeting of creditors may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice. Fed.R.Bankr.P. 2003(e). Although not explicitly permitted in the Bankruptcy Code or Rules, most courts agree that trustees have the power to continue a meet-

ing of creditors indefinitely. *See, In re Havanec,* 175 B.R. 920, 922–923 (Bankr. N.D.Ohio 1994); *Petit v. Fessenden,* 182 B.R. 59, 61–62 (D.Me.1995), *affirmed on other grounds, Petit v. Fessenden,* 80 F.3d 29 (1st Cir.1996); *In re Levitt,* 137 B.R. 881, 883 (Bankr.D.Mass.1992); *In re Vance,* 120 B.R. 181, 185 (Bankr.N.D.Okla.1990); *In re Flynn,* 200 B.R. 481, 483 (Bankr.D.Mass. 1996); *But, see, In re DiGregorio,* 187 B.R. 273, 276 (Bankr.N.D.Ill.1995). This Court adopts the majority view and holds that the UST or the trustee has the power to continue a meeting of creditors indefinitely provided that subsequent written notice is given to all creditors of the date the meeting is reconvened.

▆▆▆ *Debtor's Duty to File Exemptions and the Time Bar to Object to the Debtor's Exemptions.* A debtor must file a list of property that the debtor claims as exempt from creditors' claims. Section 522(*l*). The listed property is allowed as exempt, unless a party in interest objects. *Id.* Any objection to exempt property must be made within 30 days after the *conclusion* of the meeting of creditors, unless further time is granted by the court [4]. Fed.R.Bankr.P. 4003(b). The 30 day time limit in Bankruptcy Rule 4003(b) starts from the date of the conclusion of the meeting of creditors not the day the meeting begins or is first scheduled. *Bernard v. Coyne (In re Bernard),* 40 F.3d 1028, 1031 (9th Cir.1994); *In re Kleinman,* 172 B.R. 764, 769–770 (Bankr.S.D.N.Y.1994). If a party does not object within the 30 day period after the conclusion of the meeting of creditors, then the party is forever barred from objecting to the debtor's claim of exemptions. *Taylor v. Freeland & Kronz et al.,* 503 U.S. 638, 643–644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

*Required Action to Conclude the Meeting of Creditors.* Several courts have wrestled with the issue of what action is necessary to

---

**2.** Unless otherwise noted, all referenced statutory sections are from Title 11 of the United States Code.

**3.** An "order for relief" is entered when a voluntary case is commenced by the filing of a bankruptcy petition. Section 301.

**4.** The court may enlarge the time for taking action under Rule 4003(b) only to the extent and under the conditions stated in Rule 4003(b). Fed.R.Bankr.P. 9006(b)(3).

conclude a meeting of creditors when the meeting of creditors is continued to an unspecified future date. *In re Havanec,* 175 B.R. 920 (Bankr.N.D.Ohio 1994); *In re DiGregorio,* 187 B.R. 273 (Bankr.N.D.Ill.1995); *Petit v. Fessenden,* 182 B.R. 59 (D.Me.1995), *affirmed on other grounds, Petit v. Fessenden,* 80 F.3d 29 (1st Cir.1996); *In re Levitt,* 137 B.R. 881 (Bankr.D.Mass.1992); *In re Flynn,* 200 B.R. 481 (Bankr.D.Mass.1996); *Lini, Inc. v. Schachter (In re Schachter),* 214 B.R. 767 (Bankr.E.D.Pa.1997); *Gazes v. DeArakie (In re DeArakie),* 199 B.R. 821 (Bankr.S.D.N.Y.1996). These courts have articulated three different approaches in determining when the meeting of creditors has concluded: the bright line rule, a case by case rule, and a rule imposing the burden on the debtor to move for the conclusion of the meeting of creditors. *See, In re Flynn,* 200 B.R. at 483–484.

A. *Bright Line Rule.* The Bankruptcy Court in Massachusetts adopted a bright line rule in its decision of *In re Levitt,* 137 B.R. 881. In *Levitt,* the chapter 7 trustee attended the first meeting of creditors and announced that the meeting would be continued to an unspecified future date because he wanted to further investigate various issues. *Id.* at 882. The chapter 7 trustee then did nothing to reconvene or conclude the meeting of creditors for 15 months when he ultimately filed an objection to the debtor's exemptions. *Id.* at 883. The debtor claimed the objection was untimely and barred pursuant to Bankruptcy Rule 4003(b). *Id.* at 882.

In analyzing the interplay of Bankruptcy Rule 2003(e) and Bankruptcy Rule 4003(b), the Bankruptcy Court found a strong policy forbidding the trustee from adjourning a meeting of creditors simply to indefinitely delay the date by which objections to claimed exemptions must be filed. *Id.* at 883. A trustee who fails to reconvene or conclude a meeting of creditors within a "reasonable time" defeats this policy. *Id.* Given the need for finality, Chapter 7 debtors need to get on with their lives, and the trustees need to know which assets they can administer. *Id.* at 883 n. 1. Thus, the Bankruptcy Court held "[T]hat where the trustee fails to announce an adjourned date and time within thirty days of the date on which the meeting of creditors was last held, the meeting will be deemed to have concluded on the last meeting date." *Id.* Therefore, in *Levitt,* a 30 day bright line rule was adopted to determine when the meeting of creditors was concluded.

B. *Case by Case Analysis.* The United States District Court for Maine articulated a case by case approach in determining when the meeting of creditors is concluded in *Petit v. Fessenden,* 182 B.R. 59. In *Petit,* the UST ended the meeting of creditors with the words, "All right, for probably the third time, this meeting is continued without a date." *Id.* at 62. Three months later, the newly appointed Chapter 11 trustee filed an objection to the debtor's claim of exemptions. *Id.* at 61. The debtor then filed a motion to dismiss claiming the objection was untimely. *Id.* In response to the motion to dismiss, the Chapter 11 trustee filed a notice that the meeting of creditors would reconvene approximately one month later. *Id.* Both the Bankruptcy Court and the District Court concluded that the objection was timely. *Id.* at 63. The District Court held that a determination of whether the trustee had timely filed his objection under Bankruptcy Rule 4003(b) should be based upon the facts and circumstances of a particular case and whether the filing of an objection to the debtor's claim of exemptions was reasonable under the circumstances presented. *Id.* Thus, the *Petit* court adopted a case by case test to determine when the meeting of creditors was concluded.

C. *Burden on Debtor to Move for the Conclusion of the Meeting of Creditors.* Lastly, the Bankruptcy Court for the Northern District of Illinois articulated a third approach in *In re DiGregorio,* 187 B.R. 273, which imposes a burden on the debtor to insure that a meeting of creditors is concluded. *See, also, In re Flynn,* 200 B.R. at 484. In *DiGregorio,* a meeting of creditors was held and adjourned without setting another date. *Id.* at 274. The debtor's bankruptcy case later was converted from a Chapter 11 reorganization case to a case under Chapter 7. *Id.* A new meeting of creditors was held and, similar to the meeting in the Chapter 11 case, also adjourned without setting a specific

continuance date. *Id.* Almost three months later, the Chapter 7 trustee filed his objection to the debtor's claim of exemptions. *Id.* The debtor contended the objection period had expired 30 days after the initial meeting of creditors in the Chapter 11 case. *Id.*

The Bankruptcy Court determined that the trustee's objections to the debtor's claim of exemptions were timely filed under Bankruptcy Rule 4003(b) and found that neither the Bankruptcy Code or Rules mention when the meeting of creditors is to be concluded. *Id.* at 275–276. Thus, in the absence of a defined conclusion date, a trustee may continue the meeting of creditors indefinitely. *Id.* at 276. Accordingly, the 30 day period to file objections under Bankruptcy Rule 4003(b) will not begin to run until there is a defined conclusion date. *Id.*

The Bankruptcy Court then held that the debtor has the burden to move for a court order concluding the meeting of creditors if the trustee fails to promptly conclude the meeting reasoning that the debtor has the greatest interest in starting the clock to run on the 30 day objection period. *Id.* Under this approach, the meeting of creditors is concluded either when the trustee declares a formal conclusion of the meeting or when the debtor objects to the continuance of the meeting of creditors and the adjournment is found to be "arbitrary, capricious, or an abuse of discretion." *Id., citing, In re Vance,* 120 B.R. 181, 196 (Bankr.N.D.Okla. 1990).

*Analysis.* The only issue raised by the Motions is to define what action is necessary to conclude a meeting of creditors when the meeting of creditors is adjourned to a future unspecified date. The Debtor argues that the meeting of creditors was concluded on July 11, 1997. Thus, the Trustee's objection to the Debtor's exemptions, filed on October 17, 1997, and Ms. May's objection to the Debtor's exemptions, filed on November 5, 1997, were filed more than 30 days after July 11 and are barred under Bankruptcy Rule 4003(b). The Court does not agree.

As discussed above, the date on which the meeting of creditors in a particular case is concluded is subject to some debate. Initially, the Court rejects any type of bright line rule. Trustees need sufficient flexibility to freely continue meetings of creditors in order to investigate a debtor and the debtor's finances and transfers. Some cases are simple; some cases are complex and require much more investigation. A bright line rule would only serve to limit the trustee's ability to investigate those complicated cases which most merit a more thorough investigation and which are made more difficult by the debtor's obscuration and questionable transfers. No one set period of time is appropriate in every case for the trustee to complete a proper investigation.

■ Rather, the conclusion of a meeting of creditors is best determined on a case by case basis and by evaluating whether the trustee acted reasonably under the circumstances. Trustees should have the discretion to perform their duties; however, some limitation based on reasonableness should apply. Certainly, the fifteen month period in *Levitt* appears excessive, but is six months too long of a period to preserve the opportunity to reconvene the meeting of creditors? The answer to that question can only be answered after analyzing the factors of each individual case. Accordingly, as a general principle, the Court adopts the case by case analysis approach articulated by the District Court of Maine in *Petit.* In adopting this approach, the Court recognizes that some uncertainty will exist as to when a meeting of creditors which was adjourned to an unspecified future date concludes.

■ To limit this uncertainty, the Court encourages debtors or other parties in interest to move for the conclusion of a meeting of creditors if merited by an unjustified delay of the trustee in reconvening a meeting. If a trustee is not acting reasonably and, instead, is acting arbitrarily, capriciously, or abusing her discretion, the debtor is encouraged to bring an appropriate motion to seek a judicial determination that the meeting of creditors is concluded.

■ In summary, the proper test to determine whether a meeting of creditors which was adjourned to an unspecified future date is concluded is to analyze the facts of this particular case to determine if the Trustee

acted reasonably. Here, the Trustee held a meeting of creditors on July 11, 1997. Two weeks later, he hired an attorney to represent him. The attorney did his job, and, on August 13, 1997, he attended a deposition of the Debtor in which he asked the Debtor numerous questions. Shortly after the deposition was finished and the Trustee had an opportunity to discuss the facts with his counsel, the Trustee filed his objections to the Debtor's exemptions on October 17, 1997. Notably, the Trustee also responsibly filed a formal report officially concluding the meeting of creditors a few days later on October 24, 1997. The creditor, Ms. Mays, then filed her objections to the Debtor's exemptions within 30 days of this report.

Based upon these facts, the Trustee acted reasonably. He interviewed the Debtor at the initial meeting of creditors, further investigated the facts, filed an objection to exemptions within a reasonable time, and promptly concluded the meeting of creditors. The meeting of creditors in this case concluded on October 20, 1997. As such, both objections to the Debtor's exemptions were timely pursuant to Bankruptcy Rule 4003(b). Accordingly, it is

ORDERED:

1. The Motions are denied.

2. An evidentiary hearing on the pending objections to the Debtor's exemptions is scheduled for **March 12, 1998, at 2:00 p.m.**

3. A separate order consistent with this ruling shall be entered.