**In re Leslie George W. HURDLE, Celia Jane Hurdle, Debtors.**

**Bankruptcy No. SV 98–21853–AG.**

United States Bankruptcy Court, District of California.

Sept. 22, 1999.

---

618

Barry A. Sisselman, Van Nuys, for Debtor.

Joon M. Khang, Oppenheimer, Wolfe & Donnelly, Los Angeles, for Chapter 7 Trustee.

## MEMORANDUM DECISION

ARTHUR M. GREENWALD, Bankruptcy Judge.

Debtors Leslie George W. Hurdle and Celia Jane Hurdle ("Debtors") seek an order (1) enjoining the Chapter 7 Trustee, Byron Z. Moldo ("Trustee"), from collecting royalties which they claim are exempt pursuant to California Code of Civil Procedure Section 704.070; (2) requiring the Trustee to refund to the Debtors any and all royalty monies which have been transmitted to the Trustee, by ASCAP (American Society of Composers, Authors and Publishers) or any other royalty collection trust listed in the Debtors' Schedule C; and (3) determining that any objections to be made by the Trustee to exemptions claimed in the Debtors' Schedule C are not timely, being time-barred after December 2, 1998, i.e., thirty days after the Trustee's general continuation of the meeting of creditors held on November 2, 1998. The matter was heard on April 14, 1999.

Upon review of the record before it, including the arguments of counsel, the court concludes that (1) the Trustee is time-barred from objecting to the Debtors' exemptions claimed in Schedule C, including the claimed exemption as to Debtors'

described royalties, the thirty-day period prescribed in Fed.R.Bankr.Proc. 4003(b) having expired on December 2, 1998; (2) the Trustee is required to return to the Debtors $807 of the royalties collected to date; and (3) the Trustee is not precluded from collecting additional royalties from ASCAP or any other royalty collection trust described in Schedule C. Therefore, Debtors' motion is granted in part.[1]

## STATEMENT OF FACTS

Debtors, Leslie George W. Hurdle and Celia Jane Hurdle, filed this Chapter 7 bankruptcy case on August 25, 1998. Byron Z. Moldo was appointed Chapter 7 Trustee and the first meeting of creditors, pursuant to 11 U.S.C. § 341(a), was calendared and held on October 2, 1998.

Debtors filed their schedules and statements, as required under Fed.R.Bankr. Proc. 1007(b)(1), on August 28, 1998. Among their assets, they listed certain personal property described as:

Misc Royalties For Songs Collected from ASCAP Artists Collection Trust and Artists Collection Trust of P.R.S., M.C.P.S., Themes, Sonoton, Bruton, Parry and Parry Canada, Abaco, Redbus, Columbia House, (Currently yielding approx. 807.98 per month on a declining average yield).

An exemption in these royalties was also claimed on Schedule C [Exhibit 1].

The initial 341(a) hearing held on October 2, 1998, was attended by the Debtors and their counsel, as well as the Trustee. At the hearing, the Chapter 7 Trustee requested that the Debtors provide a copy of their latest ASCAP Statement. On October 13, 1998, the Trustee filed a Trustee's Worksheet on 341 Meeting, indicating that the 341(a) meeting was not concluded, and was being continued to the specific date of November 2, 1998 [Exhibit 2]. Also, on October 13, 1998, the Trustee filed a

Notice of Continued Meeting of Creditors and Appearance of Debtors, continuing the 341(a) meeting to November 2, 1998 [Exhibit 3].

Because the Debtors provided the Trustee with the requisite information prior to November 2, 1998, they were excused from attending the November meeting.

On November 2, 1998, the Trustee filed another Trustee's Worksheet on 341 Meeting [Exhibit 4]. The Worksheet stated that the 341(a) meeting was not being concluded at that time. However, no continuance date was specified in the Worksheet. Nor did the Trustee check off or fill in any of the reasons provided on the form for the continuance, except the notation which read "checking assets."

On December 3, 1998, the Trustee sent a letter to ASCAP requesting that all future royalty payments earned by the Debtor be sent to the Trustee. On or about March 1, 1999, ASCAP sent the Trustee a check in the amount of $2,399.81, representing the Debtor's quarterly royalty distribution.

Neither the Trustee, nor any other party, has filed any objection to the exemptions claimed by the Debtors on Schedule C. To date, the Trustee has not notified the Debtors of a specific date for the continuance of the 341(a) meeting; nor that the meeting has been concluded; nor that his work "checking assets" has been concluded.

## CONTENTIONS OF THE PARTIES

Fed. R. Bankr.Proc. Rule 4003(b) provides in relevant part that "[t]he Trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within

---

1. At the close of the hearing, the court ruled that the royalties were exempt and the Trustee must return to the Debtors those royalties which he had collected. To the extent that any of the court's rulings made at the April 14th hearing are inconsistent with the court's findings herein stated, those rulings are vacated.

such period, further time is granted by the court."

Fed. R. Bankr.Proc. Rule 2003(e) provides that "[t]he meeting [of creditors] may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." This rule permits the practice of generally continuing a meeting of creditors and has been interpreted as giving trustees the authority to adjourn a meeting indefinitely. See *In re Brown*, 221 B.R. 902, 904 (Bankr.M.D.Fla.1998) and cases cited therein. But see *In re DiGregorio*, 187 B.R. 273, 276 (Bankr. N.D.Ill.1995) (finding the practice of adjourning 341(a) meetings generally "unauthorized and inappropriate," having no basis in either the Code or the Rules). However, neither Rule 4003, nor Rule 2003, nor any other bankruptcy rule or statute, establishes what constitutes the "conclusion" of the meeting of creditors.

The current motion filed by the Debtors raises the question of what type of action can serve to conclude a 341(a) meeting, so as to trigger the running of the thirty-day period prescribed in Rule 4003(b), where the trustee has generally concluded the meeting without specifying a date certain.

The Ninth Circuit has addressed this issue in the case of *In re Bernard*, 40 F.3d 1028 (9th Cir.1994), *cert. denied, Bernard v. Coyne*, 514 U.S. 1065, 115 S.Ct. 1695, 131 L.Ed.2d 559 (1995). In footnote 4, the Court of Appeals stated as follows:

> Even if debtors attend a 341(a) meeting and provide the requested information, the information may prove inadequate, or it may point to other sources. The trustee therefore has broad discretion whether to adjourn or conclude the meeting. Of course, the trustee may keep the 341(a) examination open only so long as there are legitimate grounds for believing that further investigation will prove fruitful. If debtors believe the trustee has extended the 341(a) examination period for illegitimate reasons, their remedy is to petition the

bankruptcy court for closure of the objection period. The objection period, however, remains open until 30 days after one of the following events: (a) the trustee concludes a 341(a) meeting without expressly continuing it to a later date, Bankr.R.2003(e); (b) the trustee sends written notification to all those on the service list that the 341(a) examination period is closed; or (c) the bankruptcy court orders the examination period closed.

*Id.* at 1031 n. 4.

The Court of Appeals went on to hold that where a debtor fails to appear at a 341(a) meeting, the debtor forfeits any right to have the meeting concluded on that date, even if the trustee continues the meeting to an unspecified date. *Id.* at 1031. In this regard, the Court of Appeals stated that:

> In light of the [debtors'] failure to appear, the 341(a) examination period remained open and the trustee was entitled to schedule another meeting to complete the examination. After efforts to obtain the annuity documents through debtors' counsel proved unsuccessful, the trustee decided to resume the creditors' meeting on April 6 and then again on April 27. Because the trustee did not continue the meeting further, the last day for raising objections to the debtors' exemptions claims was May 27.

*Id.* at 1031–1032.

The Debtors contend that *Bernard* is controlling in this case, requiring the Trustee to have objected to their claimed royalties exemption no later than December 2, 1998, i.e., thirty days after the Trustee adjourned the 341(a) meeting on November 2, 1998, having failed to schedule a specific date for the continuance of the meeting. Based on the Supreme Court's ruling in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), that untimely objections to claims of exemption are waived,

the Debtors assert that, as the Trustee has failed to object within the thirty-day period, the claimed exemption is valid and beyond his challenge, and that they are entitled to the full amount of the royalty property consisting of the royalty income stream.

The Trustee, however, advocates that a general continuance of the 341(a) meeting without a specified date keeps open the period in which to object to a claim of exemption. The Trustee relies upon the language of Rule 4003(b) which states that the thirty-day period does not begin to run until "after the conclusion of the meeting of creditors." Fed. R. Bankr.Proc. 4003(b) (emphasis added). According to the Trustee, the thirty-day period does not begin to run until the trustee expressly concludes the 341(a) meeting, or is ordered by the court to do so, and thus he remains eligible to object to the Debtors' claimed exemptions, including their claimed exemption in the royalties.[2]

Alternatively, the Trustee contends that, even if the period for objecting to the Debtors' claim of exemption in the royalties has expired, the effect of his failure to object is to limit the Debtors to an exemption of $807 and not the entire royalty income stream.

## DISCUSSION

### Applicability of *In re Bernard*

In *Bernard*, the Court of Appeals held that the debtors' failure to appear at the 341(a) hearing frustrated the trustee's efforts to determine whether their claim of exemption was valid and accordingly the debtors forfeited any right to have the meeting concluded on that date. 40 F.3d at 1031. This holding does not have application to the instant case because there is no evidence that the Debtors frustrated

the Trustee's efforts to determine the validity of their exemptions and thereby forfeited their right to have the 341(a) meeting concluded. Of significance, however, is footnote 4 of the Opinion, as hereinabove quoted, which does have application to the instant case.

This court agrees with the Debtors' position that in the instant case the thirty-day period expired on December 2, 1998, precluding the Trustee from objecting thereafter to the Debtors' claimed exemptions, as no specific date was noticed on November 2, 1998, to continue the 341(a) meeting. Contrary to the Trustee's contention, this result is consistent with the first of three events affecting the thirty-day objection period described in footnote 4 of *Bernard*. In addition, the record in the instant case reflects that the Trustee has failed to send written notification that the 341(a) examination period is closed, or that the court has ordered the examination period closed.

### Application of the Bright Line Rule

Where a trustee has generally continued a 341(a) meeting without scheduling a specified date, various courts have considered the type of action necessary to conclude a 341(a) meeting. See *In re Havanec*, 175 B.R. 920 (Bankr.N.D.Ohio 1994); *DiGregorio*, 187 B.R. 273; *Petit v. Fessenden*, 182 B.R. 59 (D.Me.1995), *aff'd on other grounds*, 80 F.3d 29 (1st Cir.1996); *In re Levitt*, 137 B.R. 881 (Bankr.D.Mass. 1992); *In re Flynn*, 200 B.R. 481 (Bankr. D.Mass.1996); *Lini, Inc. v. Schachter (In re Schachter)*, 214 B.R. 767 (Bankr. E.D.Pa.1997); *Gazes v. DeArakie (In re DeArakie)*, 199 B.R. 821 (Bankr.S.D.N.Y. 1996); *Brown*, 221 B.R. 902.

2. According to the Trustee, it has become common practice of trustees in this district to continue or adjourn 341(a) meetings indefinitely, without setting a specific date and time for the next meeting session. One bankruptcy court traces this practice to the Supreme

Court's decision in *Taylor*. *See In re Flynn*, 200 B.R. 481, 483 (Bankr.D.Mass.1996) ("[a]s a result of the *Taylor* decision, it has become commonplace for trustees not to conclude the meeting, but to continue it generally").

One approach, referred to as the "Bright Line Rule," requires the trustee to schedule a specified date for the continuance of the 341(a) meeting to preserve the running of the thirty-day time period. See *Brown*, 221 B.R. at 905. In the absence of a specified continued date, the objection period commences to run from the last specified meeting date. See *Levitt*, 137 B.R. at 883; *Bernard*, 40 F.3d at 1031 n. 4; *Schachter*, 214 B.R. at 777.

There has been some criticism of the so-called Bright Line Rule, which has led other courts to adopt alternative approaches. Some courts address the problem on a case-by-case basis, determining whether a trustee has filed a timely objection under Rule 4003(b) based upon the facts and circumstances of the particular case, and whether the filing of an objection to the debtor's claim of exemption was reasonable under the circumstances. See *Brown*, 221 B.R. at 905; *Petit*, 182 B.R. at 63. A third approach places the burden upon the debtor to move for the conclusion of the 341(a) meeting if the trustee fails to conclude the meeting promptly, so as to commence the running of the thirty-day period. See *DiGregorio*, 187 B.R. at 276.

■ The Bright Line Rule is consistent with the position taken by the Court of Appeal in *Bernard*, especially in light of the Supreme Court's decision in *Taylor*.[3] This court agrees with the *Schachter* court's conclusion that the practice of indefinite adjournment is "contrary to the spirit, if not the letter of *Taylor*," and thus the trustee should not be allowed to "rely on such an artificial means of extending the F.R.B.P. 4003(b) deadline." 214 B.R. at 777. The *Schachter* court relied on the *Levitt* decision, which discerned in Rules 2003(e) and 4003(b) "a concern that the option of adjournment not be used to delay indefinitely the date by which objections to

claimed exemptions must be filed," and declared that a trustee "who continues a meeting generally and does not within a reasonable time announce the adjourned date and time and reconvene the meeting thereby defeats the policy implicit in these rules." *Levitt*, 137 B.R. at 883; *Schachter*, 214 B.R. at 777.

A rule requiring the Trustee to continue expressly the meeting to a date certain, in order to keep open the objection period, is also warranted in light of the options available to a trustee faced with the need for additional time to complete the 341(a) examination. If a stated deadline proves unworkable, a trustee can exercise his or her power to continue the meeting to a definite date, or to seek from the court an extension of the period in which to file objections to claims of exemption. See *Schachter*, 214 B.R. at 777 n. 1 ("[t]o the unasked question, 'What can a trustee do in these circumstances?,' we answer, 'When in doubt, file a timely objection' ").

This court declines to adhere to the approach which places the burden for concluding the 341(a) meeting on the debtor, in contrast to the Bright Line Rule, which places the burden upon the Trustee. The rationale articulated for this approach is that it is the debtor who has the greatest interest in starting the clock to run on the 30–day period. *DiGregorio*, 187 B.R. at 276. This rationale is unresponsive to the concerns which motivated the Supreme Court in *Taylor*.

### Application of Case–by–Case Analysis

A case-by-case analysis also favors the Debtors' position that the thirty-day period terminated on December 2, 1998. In applying this approach, the focus is on evaluating whether the trustee acted reasonably under the circumstances in generally continuing the 341(a) hearing. *Brown*, 221 B.R. at 906.

---

**3.** In holding that the failure to object to a claim within the 30–day period set forth in Rule 4003(b) renders an exemption valid regardless of whether the exemption is lawful or was claimed in good faith, the Supreme

Court adopted a strict view of Rule 4003(b), explaining that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor*, 503 U.S. at 643, 644, 112 S.Ct. 1644.

In the *Brown* case, the court found that the trustee acted reasonably under the circumstances though the meeting had been adjourned to an unspecified date. The court relied upon the fact that, after the first meeting, the trustee acted promptly to retain counsel who attended the debtor's deposition, and shortly thereafter the trustee filed objections based on information acquired at the deposition. The trustee also filed a formal report officially concluding the 341(a) meeting a few days after filing his objections. *Id.* at 907.

In *Bernard*, the court focused on the trustee's actions in the face of the debtors' failure to appear in determining that the trustee acted reasonably in indefinitely continuing the meeting and concluding that the thirty-day period had not yet run. 40 F.3d at 1031 ("[i]n light of the Bernards' failure to appear, the 341(a) examination period remained open").

In the instant case, the Trustee has failed to establish that generally continuing the 341(a) meeting is reasonable under the circumstances. The initial 341(a) meeting was held on October 2, 1998, and was attended by the Debtors. The meeting was continued to November 2, 1998, in order to secure additional information. This information was supplied to the Trustee on October 15, 1998, consisting of the Debtor's third quarter royalty statement from ASCAP. As a result, the Debtors were excused from appearing at the November 2, 1998, meeting. According to the Worksheet, the Trustee generally continued the meeting in order to "check assets." On December 3, 1998, the Trustee sent a letter to ASCAP, requesting that royalty payments be sent to the Trustee, resulting in the collection of a single royalty payment.

The Trustee explains that he generally continued the 341(a) meeting in order "to collect royalty payments for a period of time in order to confirm or contradict the Debtors' valuation thereof and to establish a payment history so that the income stream could be sold to third party [sic] to bring funds into the estate to be administered for the benefit of creditors." [Trustee's Response to Debtor's Motion, p. 3]

This explanation, however, does not establish that the Trustee's conduct is reasonable. First, unlike in *Bernard*, the Debtors have fully cooperated with the Trustee's objectives in conducting the 341(a) examination. Second, unlike in *Brown*, the only action that the Trustee has demonstrated as relating to checking assets has been to send one letter which resulted in the collection of a single royalty payment, this letter having been sent more than thirty days after the 341(a) meeting was continued indefinitely. Third, the Trustee's explanation, that he requires time to develop a payment history to facilitate establishing the value and a possible sale of the Debtors' income stream does not justify a general continuance.

**Effect of Trustee's Failure to Object Timely Under Rule 4003(b)**

■ The Debtors rely on *Taylor* to assert that, because the Trustee failed to object to their claim of exemption in the royalty income stream within the thirty-day period prescribed by Rule 4003(b), they are entitled to a full exemption of the royalty income stream described on their Schedule C. The Trustee maintains that, notwithstanding his failure to object to the validity of the exemption, the Debtors are only entitled to exempt $807.

In *Taylor*, the debtor claimed an exemption in proceeds from a pending lawsuit, describing the value of the property as unknown and likewise exempting the lawsuit for an unknown amount. *Taylor v. Freeland & Kronz*, 938 F.2d 420, 421 (3d Cir.1991). During the course of the meeting of creditors, the debtor indicated that the lawsuit might be worth $90,000 to $110,000. Under applicable law, the debtor would have been entitled to exempt only a small amount of the lawsuit proceeds. The trustee decided not to object to the claimed exemption because he doubted that the lawsuit had any value. Eventual-

ly, the debtor settled the suit for $110,000. *Taylor*, 503 U.S. at 640–642, 112 S.Ct. 1644. The Supreme Court held that the trustee's failure to object to the claim of exemption within the thirty-day period prescribed by Rule 4003(b) entitled the debtor to retain all the proceeds of the lawsuit, even though the debtor had no legitimate statutory basis for claiming the exemption. *Id.* at 639, 642, 112 S.Ct. 1644.

The Ninth Circuit has not interpreted *Taylor* as holding that any failure by the trustee to object to a claim of exemption will result in the debtor being entitled to a full exemption in the subject property. In *Hyman v. Plotkin (In re Hyman)*, 967 F.2d 1316 (9th Cir.1992), the debtors claimed a homestead exemption in the amount of $45,000, consistent with California law which limited the exemption amount to $45,000. Nevertheless, the debtors contended that their description of the exemption as merely "homestead" instead of "homestead exemption" indicated that they were claiming as exempt the entire homestead, notwithstanding California law. According to the debtors, the failure of the trustee to object to the claim of exemption within thirty days rendered the real property fully exempt, even though there was no basis in law for the exemption. *Id.* at 1319. The Court of Appeals disagreed, holding that the debtors did not gain an exemption in the entire homestead by virtue of the failure of the trustee to object to their claim. Reviewing the debtors' schedules, the court stated,

> [t]he Hymans' schedule of exempt property listed "homestead" as an exemption under Cal.Civ.Proc.Code § 704.720, and valued the exemption at $45,000. Based on this information, the Hymans **did not sufficiently notify** others that they were claiming their entire homestead as exempt property; their schedule only gave notice that they claimed $45,000 as exempt, which is the proper amount of their homestead allowance under sections 704.720 and 704.730. Thus, the trustee had no basis for objecting, and

could well have suffered the bankruptcy judge's ire had he objected to the $45,000 exemption to which the Hymans were clearly entitled.

*Id.* (internal citation omitted) (emphasis added).

Under *Hyman*, in order to determine whether a debtor is entitled to a full exemption in the property upon the trustee's failure to object, the court must inquire whether the information that the debtor provided in his or her Schedule C should have put the trustee on notice that he or she ought to have filed an objection to a claim of exemption.

In their Schedule C, the Debtors described the source of the royalties and parenthetically made reference to the royalty income stream as producing $807.98 per month on a declining average yield. In the column labeled "Value of Claimed Exemption," the Debtors listed $807. In the column labeled "Current Value of Property w/o Deducting Exemption," the Debtors listed $807. The Debtors specified Cal.Code Civ. Proc. § 704.070 as the statutory basis for that exemption.

The Trustee contends that his reading of the Debtors' Schedule C indicated that the Debtors were claiming an exemption of only $807, and that he did not believe that it would be in the best economic interest of the estate to spend the time and expense to object to the Debtors' claimed exemption.

It appears that the Trustee had grounds on which to object to the Debtors' claim of exemption in the royalties, regardless of the amount claimed exempt, inasmuch as § 704.070 does not provide a legitimate statutory basis for their exemption claim. Section 704.070(b)(2) permits a debtor to exempt seventy-five percent of paid earnings that were paid to an employee within thirty days of levy. See *Bloom v. Robinson (In re Bloom)*, 68 B.R. 455, 459 (9th Cir. BAP 1986), *rev'd on other grounds*, 839 F.2d 1376 (9th Cir.1988). Royalties,

however, do not fall within the statutory definition of paid earnings.

Section 706.011(a) defines paid earnings as "compensation payable by an employer to an employee for personal services performed by such employee, whether denominated as wages, salary, commission, bonus, or otherwise." As the Ninth Circuit has recently noted, "[a]lthough there is no California case law that tells us specifically what counts as earnings under Sec. 706.011, it is at least clear that a primary criterion is that the payments must be for 'personal services performed.' " *In re Carter*, 182 F.3d 1027, 1032–1033 (9th Cir. 1999) (footnote omitted). However, " 'royalty' commonly refers to a payment made to the owner of property for permitting another to use the property," and does not include personal services. See *Sierra Club Inc. v. Commissioner*, 86 F.3d 1526, 1531, 1532 (9th Cir.1996). Therefore, it does not appear that the Debtors were entitled to apply § 704.070 in claiming royalty payments as exempt.

Given that the Trustee had grounds to object to the validity of the Debtors' claim of exemption of royalties, whatever the amount, the question before the court is whether the Trustee's understanding of the amount being claimed as exempt was reasonable under the circumstances.

The Debtors have not provided this court with any valid reason why the Trustee's reading of their Schedule C is unreasonable, or, stated another way, why the information provided on their schedule should have put the Trustee on notice that he ought to have objected to their claim of exemption regarding royalties. Having considered the contents of the Debtors' Schedule C, the court finds that the Debtors' Schedule C does not indicate that they were claiming the entire income stream as exempt. Thus, the Trustee's reading of the schedule was reasonable.[4]

Under *Taylor*, the effect of the Trustee's failure to object timely to the Debtors' claim of exemption is to allow the Debtors the royalty exemption claimed on Schedule C, though there does not exist a legitimate statutory basis for the Debtors' claim. While the Debtors are allowed to claim as exempt royalties, *Taylor* does not mandate that the Debtors have an exemption equal to the entire royalty income stream. Rather, following *Hyman's* interpretation of *Taylor*, the court finds that the Debtors are allowed to exempt the amount they claimed of $807, their Schedule C failing to give notice that they were claiming as exempt the entire income stream.

## CONCLUSION

The Debtors' motion, seeking a determination that any objections by the Trustee

4. Additionally, the court agrees with those courts that have limited *Taylor* to its facts and concluded that, where, as here, a debtor has set forth on the schedule an identical amount for the value of the claimed exemption and the value of the property in which the exemption is sought, this is not tantamount to the debtor claiming an exemption in the entire of the subject property, and the debtor does not thereby notify a trustee that he or she ought to object to the claim. (The debtor in *Taylor* listed an "unknown" value for the property claimed exempt as well as the value of the claim of exemption.) See *In re Jackson*, 194 B.R. 867, 875 (Bankr.D.Ariz.1995) (finding that "[b]y not using the term '100% exempt,' or other language, to provide a warning or a red flag to the Trustee, the Debtors limited their recovery to the precise statutory amount that they claimed as exempt"); *In re DeSoto*, 181 B.R. 704, 707 (Bankr.D.Conn.1995) (find-

ing that the debtors' claim of a $1.00 exemption in property which they valued at $1.00 limited debtors to an exemption of $1.00 upon the trustee's failure to object to the claim); *Addison v. Reavis (In re Addison)*, 158 B.R. 53, 59 (E.D.Va.1993), *aff'd sub nom. Ainslie v. Grablowsky*, 1994 WL 410995, 32 F.3d 562, 4th Cir. (no. 93–2289, Aug. 8, 1994) (per curium) (unpublished summary affirmance) (same). Accord, *Allen v. Green (In re Green)*, 31 F.3d 1098, 1100 (11th Cir.1994) (holding that, where the debtor claimed an exemption of $1.00 in a lawsuit which she valued at $1.00, the debtor was entitled to exempt the entire proceeds from the lawsuit, where the trustee conceded that he understood the nominal value to signify an unknown value and "specifically denied having been misled into believing that [the debtor's] lawsuit had an actual present value of one dollar").

to their claimed exemptions became time-barred thirty days after the Trustee's general continuance of the meeting of creditors on November 2, 1998, is granted. The Debtors' motion, seeking an order enjoining the Trustee from collecting further royalties, as described in their schedules, is denied. The Trustee is ordered to refund to the Debtors $807 of the royalty monies previously transmitted to the Trustee from ASCAP.

## *APPENDIX*

re: *LESLIE GEORGE WILLIAM HURDLE and*
    *CELIA JANE HURDLE*             / Debtors     Case No.

### SCHEDULE C - PROPERTY CLAIMED EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
[x] 11 USC 522(b)(2): Exemptions available under applicable nonbankruptcy
                     federal laws, and state or local laws.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property w/o Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| *S.F.R. cka: 19420 Lorne Street, Reseda, CA* | *Calif. C.C.P. S704.730* | $ 31,000 | $ 155,000 |
| **Deposits of money with banks, etc** | | | |
| *Earnings on Deposit at Wells Fargo Bank checking* | *Calif. C.C.P. 704.070* | $ 200 | $ 200 |
| **Household goods and furnishings** | | | |
| *Furniture and Furnishings of Petitioners Residence* | *Calif. C.C.P. S.704.020* | $ 1,000 | $ 1,000 |
| **ring apparel** | | | |
| *sonal Apparel, Personal Jewelry and Personal Effects* | *Calif. C.C.P. S704.040* | $ 500 | $ 500 |
| **Automobiles, trucks, trailers, etc, and accessories** | | | |
| *1987 VW Cabriolet Lic #2FDX926* | *Calif. C.C.P. S.704.010* | $ 1,900 | $ 1,900 |
| **Office equipment, furnishings, and supplies** | | | |
| *1991 Pontiac Grand Prix* | *Calif. C.C.P. S704.060* | $ 5,000 | $ 5,000 |
| *Misc Keyboards, Mixers, Computers used in Music Composing/ Consulting Business* | *Calif. C.C.P. S704.060* | $ 5,000 | $ 5,000 |
| **Any other personal property** | | | |
| *Misc Royalties For Songs Collected from ASCAP Artists Collection Trust and Artists Collection Trusts of P.R.S., M.C.P.S., Thames, Sonoton, Bruton, Parry and Parry Canada, Abaco, Redbus, Columbia House, (Currently yielding approx $807.98 per month on a declining average yield* | *Calif. C.C.P. S704.070* | $ 807 | $ 807 |

EXHIBIT "1"          –20–               Schedule C – page 1 of 1

**627**

UNITED STATES BANKRUPTCY COURT
Central District of California

98 OCT 13 PM 2:26

TRUSTEES WORKSHEET ON 341 MEETING
CHAPTER 7

BY_____ DEPUTY

CASE NUMBER: SV9821853 AG                    TRUSTEE NAME: Byron Z. Moldo

||||||||||||||||||||||||||||
98218531

CASE NAME: Hurdle, Leslie George William &amp;        341 DATE: 10/2/98
Hurdle, Cella Jane
JUDGE: ARTHUR M. GREENWALD                     341 TIME: 8:00 AM

---

APPEARANCES

DEBTOR                    (✓) PRESENT        ( ) ABSENT

CO-DEBTOR                 (✓) PRESENT        ( ) ABSENT

DEBTOR'S ATTORNEY         (✓) PRESENT        ( ) ABSENT

---

RESULTS OF MEETING

341 MEETING CONCLUDED:    ( ) YES    (✓) NO

CONTINUED TO:         DATE: 11/2/98 TIME: 8:00

REASON FOR CONTINUANCE    ( ) NON-APPEARANCE OF DEBTOR
                         ( ) NON-APPEARANCE OF CO-DEBTOR
                         (✓) OTHER  additional info

---

REQUEST TO DISMISS CASE FOR FAILURE TO APPEAR AT THE 341 MEETING FOR THE 2 .
SECOND TIME

The undersigned certifies under penalty of perjury that the debtor(s) has failed to appear at the 341 meeting
and recommends that a dismissal order be initiated against:

Check appropriate box(es):        ( ) DEBTOR
                                  ( ) CO-DEBTOR
                                  ( ) NOT APPLICABLE AT THIS TIME

( ) CASE DISMISSED BY COURT ORDER ENTERED:

( ) CASE SHOULD BE DISMISSED BY COURT

_____              _____
DATE                                   TRUSTEE

·EXHIBIT "2"              –21–

**628**

ORIGINAL

Byron Z. Moldo, TRUSTEE
2029 Century Park East, Ste. 3800
Los Angeles, CA 90067-
(310) 788-5000

93 OCT 13 PH 2: 26

UNITED STATES BANKRUPTCY COURT

BY:_____ DEPUTY

In Re:

Hurdle, Cella Jane
Hurdle, Leslie George William

                                    Debtor(s)

Case No: SV9821853 AG

98218531

Chapter: 7

NOTICE OF CONTINUED MEETING OF
CREDITORS AND APPEARANCE OF
DEBTOR  [11 USC 341(a)]

COUNSEL: Barry A. Sisselman, Esq.
TO THE ABOVE NAMED DEBTOR(S):

You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to 11/2/98 at 8:00 AM at 21041 Burbank Blvd., Woodland Hills, CA 91367, for the reason set forth below:

☐ You failed to appear at the 341(a) meeting previously scheduled in your matter. You are further notified that in the event you do not appear at said time and place, a motion to dismiss your case will be filed by the trustee

☐ Because your schedules are incomplete. Unless amended schedules are filed and served upon me before the continued hearing date, a motion will be filed to dismiss your case

☒ Awaiting additional requested information

☐ Other:_____

Dated: _____

*B Moldo*
Byron Z. Moldo, TRUSTEE

EXHIBIT "3"                    —22—

FILED

UNITED STATES BANKRUPTCY COURT
Central District of California

TRUSTEES WORKSHEET ON 341 MEETING
CHAPTER 7

96 NOV -9 PH 5:19

CLERK U.S. ... CY COURT
CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER: SV9821853 AG

TRUSTEE NAME: Byron Z. Moldo
BY: _____ DEPUTY

```
9821853l
```

CASE NAME: Hurdle, Leslie George William &
Hurdle, Cella Jane
JUDGE: ARTHUR M. GREENWALD

341 DATE: 11/2/98

341 TIME: 8:00 AM

## APPEARANCES

DEBTOR ( ) PRESENT (✓) ABSENT

CO-DEBTOR ( ) PRESENT (✓) ABSENT

DEBTOR(S) DO NOT NEED TO APPEAR. INFORMATION WAS RECEIVED (✓)

## RESULTS OF MEETING

341 MEETING CONCLUDED: ( ) YES (✓) NO        Checking assets

CONTINUED TO:        DATE: _____ TIME: _____

REASON FOR CONTINUANCE  ( ) NON-APPEARANCE OF DEBTOR
                        ( ) NON-APPEARANCE OF CO-DEBTOR
                        ( ) OTHER

## REQUEST TO DISMISS CASE FOR FAILURE TO APPEAR AT THE 341 MEETING FOR THE SECOND TIME

The undersigned certifies under penalty of perjury that the debtor(s) has failed to appear at the 341 meeting and recommends that a dismissal order be initiated against:

Check appropriate box(es):  ( ) DEBTOR
                            ( ) CO-DEBTOR
                            ( ) NOT APPLICABLE AT THIS TIME

( ) CASE DISMISSED BY COURT ORDER ENTERED:

( ) CASE SHOULD BE DISMISSED BY COURT

_____
DATE

*Byron Z. Moldo*
TRUSTEE

EXHIBIT "4"        --23--