235 F.3d 472 (9th Cir. 2000)
 In re: JOHN DOUGLAS SMITH, Debtor.
JOHN DOUGLAS SMITH, Appellant,
v.
PETER KENNEDY; ARMAND OPINION BOUZAGLOU; KIRIT GALA; CARY PRESENT; JOHN SEVILLA; CHARLES WISEMAN; PETER ANDERSON, Peter Anderson, Trustee, Appellees.
 No. 98-56795
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted April 3, 2000
Filed December 19, 2000
 
 Richard M. Moneymaker, Esq., Law Firm of Richard M. Moneymaker, Los Angeles, California, for the appellant.
 Steven Paul Byrne, Esq., Byrne, Graham & Dugan LLP, Arcadia, California, for appellees Peter Kennedy, Armand Bouzaglou, Kirit Gala, Cary Present, John Sevilla, Charles Wiseman.
 Helen Ryan Frazer, Esq., Atkinson, Andelson, Loya, Ruud & Romo, Cerritos, California, for appellee Peter Anderson.
 Appeal from the United States District Court for the Central District of California Dean D. Pregerson, District Judge, Presiding. D.C. No. CV-97-07173-DDP
 Before: Stephen Reinhardt and Diarmuid F. O'Scannlain, circuit Judges, and William W Schwarzer,[1] District Judge.
 Opinion by Judge Reinhardt; Dissent by Judge O'Scannlain
 REINHARDT, Circuit Judge:
 
 
 1
 John Douglas Smith ("Smith") appeals the district court's affirmance of the bankruptcy court, which denied his effort to exempt from his bankruptcy estate property that he characterized as a "private retirement plan." His appeal raises two questions, both of which are novel in this Circuit: first, whether the indefinite "continuance" of a Bankruptcy CodeS 341(a) "meeting of creditors" tolls the period for filing objections to property claimed as exempt under S 522(l); and second, whether conversion of the case from Chapter 11 to Chapter 7 triggers a new period within which to file objections to property already excluded as exempt during the Chapter 11 proceeding. We answer both questions in the negative.
 
 I. BACKGROUND
 
 2
 The following facts are undisputed. On August 7, 1995, Smith filed a petition for bankruptcy under Chapter 11. On August 23, 1995, Smith timely filed exemptions for various assets, including pursuant to S 522(l) of the Bankruptcy Code, 11 U.S.C. S 522, his limited partnership interest in Bellwood Limited Partnership ("Bellwood"). The assets in Bellwood consist of three real estate properties that were purchased by Smith and his wife during the period from 1975 through 1981. Smith contends that these investments were held exclusively for retirement purposes, and that he transferred the properties to Bellwood for tax and estate planning reasons. On this basis, Smith claimed that Bellwood is a "private retirement plan" under California law and is therefore exempt from the bankruptcy estate. We express no view as to the merits of that claim.
 
 A. Pre-Conversion Objections
 
 3
 The trustee convened a meeting of creditors, pursuant to 11 U.S.C. S 341(a), on September 8, 1995. The meeting was continued to September 22 and then to October 27, 1995. At the conclusion of the October 27 meeting, the trustee announced: "Time's been noted at 12:32 p.m. This 341(a) meeting in John Douglas Smith is hereby adjourned until further notice. Thank you very much." No further notice was ever given and no subsequent meeting ever took place under Chapter 11. The appellees objected to Smith's exemptions on June 19, 1996, almost eight months later. Smith filed a motion to dismiss these objections on the ground that they were not timely filed, which the bankruptcy court denied. The bankruptcy court also sustained the Creditors' objection to Smith's exemption of Bellwood. Smith appealed this decision on November 12, 1996.
 
 B. Post-Conversion Objections
 
 4
 On April 27, 1997, the case was converted to a Chapter 7 proceeding, pursuant to 11 U.S.C. S 1112(b), and a Chapter 7 trustee was appointed, pursuant to 11 U.S.C. S 701. On June 9, 1997, another meeting of creditors was convened. The trustee continued the creditors meeting until July 7, 1997, and again until August 4, 1997. The Creditors filed supplemental objections in July of 1997, and the trustee objected to Smith's exemptions on August 12, 1997. Both sets of objections were filed within thirty days of the continued creditors meeting. On September 15, 1997, the bankruptcy court entered an order sustaining the objections to Smith's exemptions and Smith appealed.
 
 C. District Court Opinions
 
 5
 Smith appealed the bankruptcy court's preand postconversion rulings. On February 13, 1998, the district court entered an order denying Smith's November 12, 1996 appeal of the pre-conversion rulings. The district court ruled that it need not determine whether the Creditors' objections were timely. Because conversion requires a new creditors meeting to be held, the district court found that conversion started a new period for filing objections, and that the Creditors may object to any exemptions claimed preor post-conversion. Since Smith had converted his Chapter 11 bankruptcy to Chapter 7, the objections period had restarted, and the preconversion timeliness issue was ruled moot. Accordingly, the court deferred ruling on the merits of Smith's claimed exemption until it addressed the appeal from Smith's postconversion Chapter 7 action. Smith v. Kennedy , No. CV-968542 (C.D. Cal. Feb 13, 1998).
 
 
 6
 On September 8, 1998, the district court entered its opinion in the Chapter 7 action. The district court rejected Smith's argument that the October 27, 1995 Chapter 11 creditors meeting should not have been continued indefinitely, and that the thirty-day period within which the Creditors could object to Smith's exemptions ran from the date of that meeting. Instead, the court found that the trustee continued the meeting indefinitely, and that objections were appropriate until the meeting was finally concluded. The court then reaffirmed its February 13 holding that, because conversion renews the objection process, the subsequent objections were timely. Reaching the merits of the case, the court ruled that Bellwood did not qualify as a private retirement plan, and on that basis sustained the Creditors' objections to the plan. Smith v. Kennedy, No. CV-97-7173 (C.D. Cal. Sep. 3, 1998). Smith filed a timely appeal.
 
 II. STANDARD OF REVIEW
 
 7
 We review the district court's decision on an appeal from a bankruptcy court de novo. See Richmond v. United States, 172 F.3d 1099, 1101 (9th Cir. 1999). Thus, we apply the same standard of review that the district court applied. See In re Chang, 163 F.3d 1138, 1140 (9th Cir. 1998). We review the bankruptcy court's findings for clear error and its conclusions of law de novo. See In re Filtercorp, Inc., 163 F.3d 570, 576 (9th Cir. 1998).
 
 III. ANALYSIS
 
 8
 When an individual debtor petitions for bankruptcy he is entitled to claim certain property as exempt from the estate. See 11 U.S.C. S 522(b) (allowing debtor to elect to take exemptions provided by state or federal law); id. S 522(l) (requiring debtor to file list of property claimed as exempt); see also Fed. R. Bankr. P. 4003(a). Any creditor and the bankruptcy trustee may file objections to the debtor's list of properties claimed as exempt. See Fed. R. Bankr. P. 4003(b). However, absent special circumstances, these objections must be filed "within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a)." Id. If no objections are made, then "the property claimed as exempt . . . is exempt." 11 U.S.C. S 522(l).
 
 
 9
 The commencement of a voluntary case under Chapter 11 constitutes an order for relief. See 11 U.S.C. S 301. The Bankruptcy Code provides that "[w]ithin a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. S 341(a). Rule 2003 includes provisions governing the time during which the meeting must be convened and the manner of its continuance. See Rules 2003(a), (e). Although it does not provide a rule expressly stating the manner in which a meeting is to be concluded, Rule 2003(e) provides that "[t]he meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice."
 
 
 10
 Smith voluntarily filed for Chapter 11 bankruptcy on August 7, 1995. The original creditors meeting, on September 8, 1995, was timely, and the first two adjournments, to September 22 and October 27, 1995 are not at issue. However, Smith argues that the October 27, 1995, meeting of creditors was not adjourned but concluded, because the trustee failed to specify a new meeting date, and that the Creditors' objections, almost eight months later, were untimely. The Creditors claim that Smith's exemptions were meritless. However, we may not reach the merits of the claimed exemptions absent a finding that the Creditors objections were timely made. In Taylor v. Freeland & Kronz, 503 U.S. 638 (1992), the debtor claimed a meritless exemption. Had the trustee or creditors objected to the claim within 30 days after the initial creditors meeting, as required under Rule 4003(b), the property could have been retained in the bankruptcy estate. 503 U.S. at 642. However, their failure to do so within that period, the Supreme Court ruled, prevented them from challenging the validity of the exemption later -"whether or not [the debtor] had a colorable statutory basis for claiming it." Id. at 644. Thus, before we may reach the merits of Smith's purported exemption, we must determine whether the Creditors' objections were timely.
 
 A.
 
 11
 The Creditors argue that Rule 2003(e) permits a trustee to continue indefinitely a meeting of creditors, and, alternatively, that under Bankruptcy Code section 341, conversion of the proceedings from a Chapter 11 reorganization into a Chapter 7 liquidation begins a new thirty-day period for objections to property already exempted. Rule 2003(e) permits adjournment "from time to time" (italics added), and requires the trustee to announce "the adjourned date and time" if he chooses to exercise this option. The plain language of the statute requires that for a Rule 2003(e) adjournment to be effective, it must be accompanied by an announcement of "the adjourned date and time." See In re Hurdle , 240 B.R. 617, 621-22 (Bankr. C.D. Cal. 1999); In re Levitt, 137 B.R. 881, 883 (Bankr. D. Mass. 1992). No other procedure for adjournment is provided by rule or statute, and no other method of adjournment is permitted under Rule 2003(e).[2]
 
 
 12
 As the Supreme Court observed in Taylor, "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." 503 U.S. at 644. To authorize trustees to adjourn meetings indefinitely, even when it is unlikely that any subsequent meeting will in fact be called, would nullify the thirty-day requirement of Rule 4003(b), rendering the holding in Taylor hollow, and undermining the concerns expressed by the Supreme Court about promptness and finality. Thus, the exemption was not properly challenged in the Chapter 11 proceeding.
 
 
 13
 The dissent approves adjournment "until further notice": it believes that the adjourned date and time need not be announced at the meeting, but may be announced at some later time. An announcement made after a meeting adjourns may be sufficient, if it is made within a reasonable time. See In Re Bernard, 40 F.3d 1028, 1031 n.4 (9th Cir. 1994) ("The objection period . . . remains open until 30 days after one of the following events: (a) the trustee concludes a 341(a) meeting without expressly continuing it to a later date, Bankr. R. 2003(e); (b) the trustee sends written notification to all those on the service list that the 341(a) examination period is closed; or (c) the bankruptcy court orders the examination period closed."). As the court in In re Levitt held, "Rule 2003(e), by providing for adjournment to a specific time, exhibits a concern to keep the process moving. A trustee who continues a meeting generally and does not within a reasonable time announce the adjourned date and time and reconvene the meeting thereby defeats the policy implicit in these rules." 137 B.R. at 883. Under any reasonable construction of the rule, a delayed announcement would have to be made at least within thirty days of the last meeting held; otherwise, the whole purpose of the thirty-day requirement of Rule 4003(b) would be frustrated.[3] Here, no adjourned date and time was ever announced, and the creditors' meeting never resumed. The trustee failed "to keep the process moving " in any manner.[4] Even worse, the meeting was in fact not adjourned. Whatever business the trustee had in mind, it was concluded as of October 27.
 
 B.
 
 14
 Having determined the requirements of Rule 2003(e), we turn to consider the conversion issue: whether the conversion of Smith's bankruptcy from a Chapter 11 reorganization to a Chapter 7 liquidation began a new thirty-day period for objections under Rule 4003(b). Rule 4003(b) allows as timely filed only those objections made "within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a)." See In re Halbert, 146 B.R. 185, 189 (Bankr. W.D. Tex. 1992). Accordingly, for the Creditors' objections to be timely, conversion of the bankruptcy process from Chapter 11 to Chapter 7 would have to restart the time period in which objections may be filed.
 
 
 15
 Section 341 of the Bankruptcy Code requires the trustee to convene a meeting of creditors "[w]ithin a reasonable time after the order for relief in a case under this title." Certainly, the conversion of a case initially brought under Chapter 11 to a case under Chapter 7 constitutes an order for relief under the chapter to which the case is converted. However, conversion does not reset the date of the order for relief. 11 U.S.C. S 348(a). "The purpose of section 348 is to preserve actions already taken in the case before conversion. . . . To effect this purpose, section 348(a) establishes the general rule that, in a converted case, the dates of the filing, the commencement of the case and the order for relief remain unchanged by the conversion." In re Bell, 225 F.3d 203, 213 (2nd Cir. 2000) (citations omitted). Except for certain specifically enumerated filing deadlines, see 11 U.S.C. S 348(b) and (c), S 348 "does not effect a change in the date of . . . the order for relief." 11 U.S.C. S 348(a).
 
 
 16
 Furthermore, Rule 1019(2), which "implements" S 348's provisions on conversion from Chapter 11 to Chapter 7, In re Bell, 225 F.3d at 209, specifies new time periods for a number of events, see Fed. R. Bankr. P. 1019(2) (resetting Rule 3002, 4004, and 4007 deadlines), but none for objections to exemptions pursuant to Rule 4003(b). See In re Bell, 225 F.3d at 209. Reading Rule 1019(2) in conjunction with S 348 compels the conclusion that S 348 generally requires the order for relief to remain unaltered by conversion from Chapter 11 to Chapter 7. To the extent that Rule 1019(2) resets any deadlines, it does so only for those exceptions expressly enumerated in section SS 348(b) and (c). NeitherS 341 nor S 702(b)(providing for the election of the Chapter 7 trustee"[a]t the meeting of creditors held under section 341") is among these enumerated exceptions. See In re Bell, 225 F.3d at 214.
 
 C.
 
 17
 The Bankruptcy Code distinguishes between property of the estate in bankruptcy and property of the debtor. The commencement of a case under the Bankruptcy Code creates an estate, see 11 U.S.C. S 541(a), and, though the estate may acquire property after the commencement of the case, see 11 U.S.C. S 541(a)(6) and (7), estate property remains distinct from the debtor's property. See In re Bell, 225 F.3d at 215 (citing Casey v. Hochman, 963 F.2d 1347, 1351 (10th Cir. 1992) (stating "general rule that post-petition acquisitions are property of the debtor"); In re Winom Tool & Die, Inc., 173 B.R. 613, 624 (Bankr. E.D. Mich. 1994); 5 Collier on Bankruptcy P 541.03, at 541-9 to 10 ("In general, property . . . subsequently acquired by the debtor does not become property of the estate, but, rather, becomes the debtor's personal property, clear of all claims that are discharged in the bankruptcy case.")).
 
 
 18
 It is widely accepted that property deemed exempt from a debtor's bankruptcy estate revests in the debtor. See 11 U.S.C. S 522(l); see also In re Brown, 178 B.R. 722, 726-27 (Bankr. E.D. Tenn. 1995) (citing cases to that effect), Owen v. Owen, 500 U.S. 305, 308 (1991) (when property becomes exempt, it is "withdrawn from the estate (and hence from the creditors) for the benefit of the debtor"); In re Bell, 225 F.3d at 215-216 (collecting cases). Conversion from Chapter 11 to Chapter 7 does not create a new estate. See 11 U.S.C. S 348(a); see also 11 U.S.C. S 1019(a) (stating that when a case is converted from Chapter 11 to Chapter 7,"schedules . . . theretofore filed shall be deemed to be filed in the chapter 7 case"); In re Bell, 225 F.3d at 216 ("The subsequent conversion of the bankruptcy case from Chapter 11 to Chapter 7 does nothing to disturb the debtor's rights in that property"). Here, Smith's Chapter 11 petition created an estate. Smith claimed the retirement plan as exempt under section 522(l). Due to the Creditors' failure timely to object, the plan vested in Smith. Smith's creditors have not pointed to any mechanism in the Code for bringing the plan back into the estate. The plan therefore remained exempt even after conversion of the bankruptcy proceedings from Chapter 11 to Chapter 7, and is no longer subject to the Creditors' right to object. See In re Brown, 178 B.R. at 726-727(exemptions not objected to within thirty days of conclusion of S 341 meeting in Chapter 11 cases are exempt for purposes of Chapter 7, and not sub-ject to Chapter 7 Trustee's objection) (citing In re Halbert, 146 B.R. 186 (Bankr. W.D. Tex. 1992)); In re Winom Tool & Die, Inc., 173 B.R. at 619; Carter v. Peoples Bank & Trust Co. (In re BNW, Inc.), 201 B.R. 838, 848-50 (Bankr. S.D.Ala. 1996).
 
 IV. CONCLUSION
 
 19
 In Taylor, the Supreme Court emphasized its concern with keeping the bankruptcy process moving by insisting on firm, explicit deadlines. See 503 U.S. at 644. As a matter of policy, this should work no great hardship, even in the conversion of bankruptcy proceedings from Chapter 11 to Chapter 7. The purpose of the creditors meeting is to question the debtor about his debts, and to examine him about his claimed exemptions. Where more information must be gathered, the meeting can be adjourned to a definite time; there is no limit on the number of adjournments. See id. Furthermore, should this process become unduly cumbersome, the trustee or creditors may simply object to any exemptions that remain unor under-explained. That did not happen in this case. Because the meeting of creditors concluded, at the latest, thirty days after it was adjourned indefinitely, because conversion does not restart the time to object, and because property that is exempted vests in the debtor upon the creditor's failure timely to object, we may not reach the merits of the exemption. Accordingly, the judgment of the district court is hereby REVERSED. The case is REMANDED to the district court with instructions to remand to the bankruptcy court to enter judgment consistent with this opinion.
 
 
 20
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 Notes:
 
 
 [1]
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.
 
 
 [2]
 While the dissent acknowledges that adjournment "to a time certain" is a procedure "provided in Rule 2003(e)," it concludes that a creditors meeting can be adjourned even when this procedure is not followed. To do so, it relies on the permissive phrasing of the statute: the creditors"meeting may be adjourned from time to time." Fed. R. Bankr. P. 2003(e) (emphasis added); see also In re Flynn, 200 B.R. 481, 483, (Bankr. D. Mass. 1996) (holding "may" is not mandatory); In re DiGregorio, 187 B.R. 273, 275 (Bankr. N.D. Ill 1995) (distinguishing between the "unauthorized and inappropriate" practice of failing to adjourn a meeting to a definite date, and the U.S. Trustees office's practice of failing to conclude a creditors meeting on a definite date, which the court endorsed); In re Havanec, 175 B.R. 920, 922 (Bankr. N.D. Ohio 1994). Though the word "may" in this rule is "permissive and not mandatory," it refers to the trustee's power to adjourn meetings or not, as he deems advisable. The question, however, is not whether trustees have discretion to adjourn creditors' meetings -they do, see In re Bernard, 40 F.3d 1028, 1031 (9th Cir. 1994) -but whether for purposes of Rule 4003(b), adjournment must be accompanied "by announcement at the meeting of the adjourned date and time." We conclude, on a plain reading of the statute, that it must.
 
 
 [3]
 In In Re Bernard, the trustee adjourned each creditors meeting, within the thirty-day period, to a date certain. See 40 F.3d at 1031. Indeed, the Bernard court put further restrictions on the power of the trustee, cautioning that he "may keep the 341(a) examination open only so long as there are legitimate grounds for believing that further investigation will prove fruitful." Id. at 1031 n.4. Where there are no legitimate grounds for successive continuances to dates certain, the debtor may petition the court to conclude the meeting. Id. However, where, as here, legitimacy is not in issue, but the trustee has missed the thirty-day deadline for rescheduling the creditors meeting, the meeting is concluded.
 
 
 [4]
 The dissent requires the debtor to petition the court to conclude a creditors meeting because he "has the greatest interest in concluding the meeting so as to trigger the 30-day objection period. " Dis. op. (quoting In re DiGrerorio, 187 B.R. at 276. However, the dissent pays insufficient heed to the Supreme Court's interest in firm, explicit deadlines, Taylor, 503 U.S. at 644, and the trustee's duty to keep the bankruptcy process moving.
 
 
 O'SCANNLAIN, Circuit Judge, dissenting:
 
 21
 I respectfully disagree with the majority's conclusion that a bankruptcy trustee is prohibited from adjourning a meeting of creditors "until further notice." Rather, I would hold that the creditors objected in a timely manner in this case. Consequently, I would also reach the merits of whether the Bellwood holdings constitute a "private retirement plan" under California law and I conclude that it decidedly does not.
 
 
 22
 * According to Federal Rule of Bankruptcy Procedure 2003(e), a meeting of creditors under 11 U.S.C.S 341(a) "may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further notice." Fed. Rule Bkrtcy. Proc. 2003(e) (emphasis added). The majority argues that the meeting of creditors was concluded rather than adjourned on October 27, 1995, because the trustee adjourned the meeting until further notice without specifying a new meeting date.
 
 
 23
 This contention is not persuasive. In In re Bernard, 40 F.3d 1028 (9th Cir. 1994), we stated that a trustee "has broad discretion whether to adjourn or conclude the meeting, " which depends on the degree to which the debtor has furnished satisfactory information relating to the bankruptcy. Id. at 1031 n.4. "The scant available authority agrees that `may' in Rule 2003(e) is permissive and not mandatory." In re Flynn, 200 B.R. 481, 483 (Bankr. D. Mass. 1996); see also In re DiGregorio, 187 B.R. 273, 275 (Bankr. N.D. Ill. 1995); In re Havanec, 175 B.R. 920, 922 (Bankr. N.D. Ohio 1994) (finding that limiting adjournments to a specific date is "unduly constrictive"). The meeting is not concluded until the trustee so declares or the court so orders. See In re Flynn , 200 B.R. at 484; In re DiGregorio, 187 B.R. at 276. But see In re Levitt, 137 B.R. 881, 883 (Bankr. D. Mass. 1992) ("[W]here the trustee fails to announce an adjourned date and time within thirty days of the date on which the meeting of creditors was last held, the meeting will be deemed to have concluded on the last meeting date."). I would decline to follow Levitt in favor of the more recent pronouncements in Flynn , DiGregorio, and Havanec, and hold that an adjournment of a S 341(a) hearing does not conclude the hearing merely due to the absence of a future specified date.
 
 
 24
 There are two good reasons to allow adjournments "until further notice." First, "[s]ince the debtor has the greatest interest in concluding the meeting so as to trigger the 30-day objection period, this Court deems it appropriate to place the burden on the debtor to move for a court order concluding the S 341 meeting." In re DiGregorio, 187 B.R. at 276; see also In re Bernard, 40 F.3d at 1031 n.4. Second, a court allowing an adjournment until an unspecified date retains control and may cut off the time for objections in the case of unreasonable delay. See In re Flynn, 200 B.R. at 484.
 
 
 25
 The permissibility of such adjournments, of course, does not mean that they are to be commended or that the bankruptcy court should allow them in all cases. Often, a trustee can easily adjourn the meeting to a time certain, as provided in Rule 2003(e). A case-by-case analysis is appropriate. Trustees cannot keep these meetings open indefinitely without "legitimate grounds for believing that further investigation will prove fruitful." In re Bernard, 40 F.3d at 1031 n.4.
 
 
 26
 28 U.S.C. S 586 may commit to UST discretion [to choose] among otherwise available means; but it does not give the UST "discretion" to use any means she fancies in any way she pleases. No part of 28 U.S.C. S 586 authorizes the UST to act in an other wise unlawful or abusivemanner and excuse herself by pleading "discretion."
 
 
 27
 In re Vance, 120 B.R. 181, 194 (Bankr. N.D. Okla. 1990).
 
 
 28
 In this case, an adjournment "until further notice" was appropriate. As the district court stated,
 
 
 29
 [a]t the end of the October 27, 1995 creditors' meeting, several issues were left open for later resolution. Further, Smith represented that he would amend his schedules to correct errors and omissions. At the conclusion of the meeting, the trustee stated "this 341(a) hearing in John Douglas Smith is hereby adjourned until further notice." Given the context, the Court finds that the trustee's initial decision to leave the date of the next meeting open until the requested information was available was both clearly stated and reasonable.
 
 
 30
 Smith v. Kennedy, No. CV 97-7173 at 10. (There is no indication that Smith objected to the length of the continuance, nor did he move to conclude the S 341(a) hearing. Indeed, on appeal, Smith has not even attempted to rebut the district court's factual findings. Thus, I agree with the district court that the Trustee did not err by granting an adjournment to an unspecified date and that the thirty-day objections period had not yet begun to run.
 
 II
 
 31
 Consequently, I would reach Smith's substantive argument that his Bellwood holdings constitute a "private retirement plan" under California law. Pursuant to 11 U.S.C.S 522(b), a debtor may exempt from the bankruptcy estate any assets that are exempted under the law of the debtor's state. 11 U.S.C. S 522(b)(2)(A); see In re MacIntyre, 74 F.3d 186, 187 (9th Cir. 1996). California law provides for the exemption of "private retirement plans" from bankruptcy estates. See S Cal. Code Civ. P. S 704.115(a).
 
 
 32
 We have explored the definition of such a plan before, concluding that the appropriate analysis is whether the retirement plan at issue was "designed and used for a retirement purpose." In re Bloom, 839 F.2d 1376, 1379-80 (9th Cir. 1988). Of course, this "designed and used" inquiry presumes that the entity at issue is in fact a retirement plan. Before proceeding to the issue of whether this plan was of the retirement variety, it is necessary to decide the liminal question of whether it was a plan at all.
 
 
 33
 Smith points to Webster's to ground his conclusion that the Bellwood property constituted a plan. Alas, the task of adjudication is not always as simple as looking up words in the dictionary. Often we must turn instead to judicial precedent and the reasoning of our fellow jurists. In In re Phillips, 206 B.R. 196 (Bankr. N.D. Cal. 1997), the court declined to consider a plan the debtors' informal and unwritten sentiments. Subjective intent alone, the court concluded, does not constitute a plan. See id.
 
 
 34
 Similarly, in In re Rogers, 222 B.R. 348 (Bankr. S.D. Cal. 1998), the court concluded that the annuity at issue was not a private retirement plan. The court reasoned that the language of S 704.115 "does not extend to protect anything a debtor unilaterally chooses to claim as intended for retirement purposes." Id. at 351.
 
 
 35
 I agree with these precedents and with the bankruptcy court in concluding that Smith needed to offer more than merely his illusory intentions and dictionary definitions to satisfy the courts that the property was acquired as part of his private retirement plan. Such an instantiation of the purported plan is required to prevent an abuse of this exemption. Finding none, I would reject Smith's appeal and uphold the bankruptcy court's decision