IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-10764

In The Matter Of: RONALD CHRISTOPHER PERES; DONNA PATRICIA
MEDINA

Debtors

-------------------------------------------------------------------------

RONALD CHRISTOPHER PERES; DONNA PATRICIA MEDINA

Appellants

v.

DANIEL J SHERMAN, Trustee; UNITED STATES TRUSTEE

Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

DeMOSS, Circuit Judge:

Appellants Ronald Christopher Peres and Donna Patricia Medina (collectively "Debtors") appeal the district court's order affirming the bankruptcy court's granting of Trustee Daniel J. Sherman's objections to the Debtors' exemptions. For the reasons stated below, we affirm the decision of the district court.

I.

Debtor Peres and his wife Medina filed for Chapter 7 bankruptcy on June 6, 2005. The Trustee commenced a creditors' meeting pursuant to 11 U.S.C. § 341(a) on July 20, 2005. The meeting was adjourned and continued on three occasions. The third § 341(a) creditors' meeting took place on September 23, 2005, and was continued without a formal announcement as to the date of continuation. Subsequently, the §341(a) creditors' meeting was rescheduled for July 19, 2006. The day before the scheduled meeting the Debtors requested a continuance to attend to a family matter. Debtors were then notified by telephone of a § 341(a) creditors' meeting scheduled for August 24, 2006. Debtor moved to quash the meeting on the basis that the meeting was untimely, which the bankruptcy court denied. The §341(a) creditors' meeting was thus held and concluded on August 24, 2006. On September 5, 2006, the Trustee filed objections to the Debtors' claimed exemptions. The bankruptcy court sustained the objections on October 25, 2006. The district court entered a final order affirming the bankruptcy court's ruling on June 12, 2007. The Debtors timely filed their notice of appeal.

On appeal, the Debtors argue that because there was no announcement of a continuation date at the September 23, 2005 meeting, the meeting was concluded thirty days later. Debtors argue that this triggered the thirty day deadline for objections to their exemptions, thus the Trustee's objections filed on September 5, 2006, were untimely. The Debtors also argue that the August 23, 2006 meeting was a new § 341(a) creditors' meeting requiring written notice.

II.

A bankruptcy court's findings of fact are reviewed for clear error. See Wallace v. Rogers (In re Rogers), 513 F.3d 212, 216 (5th Cir. 2008). When the district court has affirmed the bankruptcy court's findings, this standard is strictly applied, and reversal is appropriate only when there is a firm conviction

that error has been committed. See Chiasson v. J. Louis Matherne & Assocs. (In re Oxford Management, Inc.), 4 F.3d 1329, 1333 (5th Cir. 1993). Conclusions of law are reviewed de novo. Id.

Under Federal Rule of Bankruptcy Procedure 4003(b), a party in interest who disputes an exemption claimed by the debtor must file an objection no later than 30 days after the meeting of creditors. FED. R. BANKR. P. 4003(b). Section 341 of the Bankruptcy Code provides the statutory basis for holding meetings of creditors in a bankruptcy case. Section 341(a) provides that following the commencement of a voluntary Chapter 7 bankruptcy case, "the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. §§ 301, 341(a). Federal Rule of Bankruptcy Procedure 2003 governs the commencement and continuance of the meeting. Rule 2003(e) provides that "[t]he meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." FED. R. BANKR. P. 2003(e).

The Debtors argue that the § 341(a) creditors' meeting was deemed concluded thirty days after the September 23, 2005 meeting, triggering the thirty day deadline for the Trustee to file objections. The Trustee argues that the § 341(a) creditors' meeting was continued and concluded on August 23, 2006. The district court held that the § 341(a) creditors' meeting was not concluded until August 23, 2006. The question presented to this court is, if no formal announcement of a continuation date is made, when is a § 341(a) creditors' meeting concluded. This court has not previously ruled on this issue.

The Debtor urges this court to apply a "bright-line" approach, holding that if a trustee does not announce a specific date to which the meeting is being continued within 30 days of the last meeting held, the meeting will be deemed to have been concluded on the last date it was convened. Some courts have adopted this approach. See Smith v. Kennedy (In re Smith), 235 F.3d 472, 476

(9th Cir. 2000) (holding that an indefinite adjournment of the § 341(a) creditors' meeting would nullify the thirty-day requirement in Rule 4003(b)); In re Leavitt, 137 B.R. 881, 883 (Bankr. D. Mass. 1992) (holding that "where the trustee fails to announce an adjourned date and time within thirty days of the date on which the meeting of creditors was last held, the meeting will be deemed to have concluded on the last meeting date"); In re Friedlander, 284 B.R. 525, 527 (Bankr. D. Mass. 2002) (same). However, Levitt was likely overruled by the First Circuit Bankruptcy Appellate Panel in Premier Capital, Inc. v. DeCarolis (In re DeCarolis), 259 B.R. 467, 470-71 (B.A.P. 1st Cir. 2001) (rejecting Levitt's bright-line approach but declining to adopt a specific alternative approach). Accordingly, Friedlander is also of doubtful precedence.

A majority of courts reject a bright-line approach, holding that § 341(a) creditors' meetings adjourned indefinitely are not concluded, and therefore do not trigger the thirty day deadline; these courts either adopt a case-by-case approach or require the trustee or court to declare the § 341(a) creditors' meeting concluded. See In re Cherry, 341 B.R. 581, 587 (Bankr. S.D. Tex. 2006) ("A case-by-case approach is most appropriate" because it "affords a trustee discretion in complicated cases yet restrains a trustee's ability to indefinitely postpone a meeting of creditors."); In re Brown, 221 B.R. 902, 906-07 (Bankr. M.D. Fla. 1998) (finding that a case-by-case method is best because "[t]rustees should have the discretion to perform their duties; however, some limitation based on reasonableness should apply); In re James, 260 B.R. 368, 372 (Bankr. E.D.N.C. 2001) (applying a case-by-case approach); Petit v. Fessenden , 182 B.R. 59, 63 (D. Me. 1995) (same); In re Havanec, 175 B.R. 920, 923 (Bankr. N.D. Ohio 1994); In re Koss, 319 B.R. 317, 321 (Bankr. D. Mass. 2005) (meeting is not concluded until the trustee so declares or the court so orders); In re Flynn, 200 B.R. 481, 484 (Bankr. D. Mass. 1996) (same); In re DiGregorio, 187 B.R. 273, 276 (Bankr. N.D. III. 1995) (same).

This court declines to hold that a meeting of creditors is not concluded until such time as the trustee so declares or the court so orders. Such a holding ignores the clearly-established policy of the Bankruptcy Code of encouraging promptness in the filing of objections to exemptions, because it would permit a trustee to continue a meeting of creditors indefinitely. Cherry, 341 B.R. at 587. A strict rule could impede justice in complex cases when a trustee needs further time and information to fully understand a debtor's financial affairs, especially when the debtor agrees to a continuance or refuses to cooperate, and where no evidence of unjustified delay is present. Accordingly, this Court is persuaded that a case-by-case approach is most appropriate. Such an approach affords a trustee discretion yet restrains a trustee's ability to indefinitely postpone a meeting of creditors. This Court will determine whether any delay in reconvening the meeting was reasonable as opposed to enforcing a bright-line rule.

Thus, we now turn to whether the Trustee in the present matter acted reasonably in continuing the § 341(a) creditors' meeting from September 23, 2005, until August 24, 2006. Courts that have adopted the case-by-case approach have considered at least four factors in determining the reasonableness of a trustee's delay in adjourning a meeting of creditors: (1) the length of the delay; (2) the complexity of the estate; (3) the cooperativeness of the debtor; and (4) the existence of any ambiguity regarding whether the trustee continued or concluded the meeting. See, e.g., Cherry, 341 B.R. at 589 (the delay was not unreasonable when the decision to continue the meeting was "clearly announced"); In re Bace, 364 B.R. 166, 179 (Bankr. S.D.N.Y. 2007) (trustee's delay appropriate when debtor did not produce business records); Petit, 182 B.R. at 63 (finding trustee's delay appropriate when debtor was "particularly litigious and obstructionist").

Finding no clear error with the bankruptcy court's factual findings, we find that the circumstances in the present matter indicate that the Trustee acted

reasonably and had legitimate reasons for adjourning the § 341(a) creditors' meeting for eleven months. The bankruptcy court found that of the eleven month delay, six months worth of the continuances were granted to accommodate the Debtors. The September 23, 2005 meeting was continued because the Debtors were still gathering records to support their amended schedules. The meeting was then continued in July at the Debtors' request. The court also held that at no time did the Debtors move to conclude the § 341(a) creditors' meeting, as was their right if they believed that a delay was prejudicial. Finally, the court found that an unprecedented increase in the number of bankruptcy filings during the relevant time period made the delay in continuing and concluding the meeting reasonable.

Lastly, we find that the August 23, 2006 § 341(a) creditors' meeting did not require written notice. Bankruptcy Rule 2002 requires that all parties in interest must receive written notice of the initial creditors' meeting under 11 U.S.C. §341 at least twenty days in advance. FED. R. BANKR. P. 2002(a)(1). Written notice is not required if the date of the continuation is set at the original meeting. FED. R. BANKR. P. 2003(e). Both parties agree that the transcript of the September 23, 2005 meeting shows that it was continued. The district court found that the debtors had notice in May 2006 that the Trustee intended to continue the meeting to July 2006, at which point the Debtors requested a continuance rather than asserting an objection to the meeting. Thus, the Debtors were not prejudiced by the lack of written notice.

For the foregoing reasons, the decision of the district court is AFFIRMED.