ELECTRONIC CITATION:  2009 FED App. 0005P (6th Cir.)
File Name:  09b0005p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re:   JOY ANN DUTKIEWICZ, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| _____ | ) |
| | ) |
| JEFF A. MOYER, CHAPTER 7 TRUSTEE, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )   No. 09-8001 |
| | ) |
| JOY ANN DUTKIEWICZ, | ) |
| | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Appeal from the United States Bankruptcy Court
for the Western District of Michigan
Case No. 08-05019

Argued:  May 20, 2009

Decided and Filed:  July 6, 2009

Before: FULTON, HARRIS, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.
_____

**COUNSEL**

**ARGUED:**  Jeff A. Moyer, THE BANKRUPTCY GROUP, INC., Wyoming, Michigan, for Appellant.  Jon D. Stratman, DAVID ANDERSON & ASSOCIATES, P.C., Grand Rapids, Michigan, for Appellee.  **ON BRIEF:**  Jeff A. Moyer, THE BANKRUPTCY GROUP, INC., Wyoming, Michigan, for Appellant.  Jon D. Stratman, DAVID ANDERSON & ASSOCIATES, P.C., Grand Rapids, Michigan, for Appellee.

---

**OPINION**

---

ARTHUR I. HARRIS, Bankruptcy Appellate Panel Judge. In this case, Jeff A. Moyer, Chapter 7 Trustee, ("Trustee") appeals an order of the bankruptcy court overruling his objection to Joy Dutkiewicz's ("Debtor") claim of exemptions as untimely. For the reasons that follow, we AFFIRM the order of the bankruptcy court.

## I. ISSUE ON APPEAL

Whether the bankruptcy court erred when it found that the Trustee's objection to the Debtor's claim of exemptions was untimely.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Western District of Michigan has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). An order on an objection to a debtor's claim of exemption is a final order for purposes of appeal. *See Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 145 (B.A.P. 6th Cir. 2006) (citing *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 840 (B.A.P. 6th Cir. 1998)).

The bankruptcy court's conclusions of law are reviewed *de novo*. *See Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940 (6th Cir. 2007). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007). The court's findings of fact are reviewed under the clearly erroneous standard. *See In re DSC, Ltd.*, 486 F.3d at 944. "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Id.* (quoting *Anderson v. City of Bessemer City*, *N.C.*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)).

## III.   FACTS

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 5, 2008.  The first meeting of creditors was held on July 15, 2008.  The Debtor appeared and answered questions of the Trustee.  During the meeting, the Trustee requested that the Debtor provide the Trustee with a copy of the Debtor's divorce judgment.  At the conclusion of his questions, the Trustee stated:

> That's all the questions I have for you at this time.  To the extent my review of the information provided to me [or upon receipt of the Divorce Judgment] causes me to need any further information or need to ask any further questions I'll contact Mr. Andersen's office directly.  Assuming that doesn't become necessary, I'll close your file at that time.  You should receive notice of your Chapter 7 Discharge 3 to 4 months from today directly from the Bankruptcy Court.  Thank you for coming in today and good luck to you.

(J.A. at 34-35.)  While the Trustee asserts that the Debtor's failure to provide a copy of the Debtor's divorce judgment prior to or at the § 341 meeting resulted in the administration of the Debtor's estate being delayed, he did not call a subsequent meeting after receiving a copy of the divorce judgment. The record does not reflect when the Trustee actually received a copy of the divorce judgment.  On September 16, 2008, the Trustee filed his Report of First Meeting Held, and on September 29, 2008, he filed an objection to the Debtor's claim of exemptions.  The Trustee asserted that funds owed to the Debtor under the divorce judgment were not exempt as spousal support but rather were in the nature of a property settlement.

The Debtor did not oppose the Trustee's objection on the merits.  She contended, however, that the objection was untimely pursuant to Rule 4003(b) of the Federal Rules of Bankruptcy Procedure and *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S. Ct. 1644 (1992).  On November 19, 2008, the bankruptcy court heard oral argument on the issue of whether the § 341 meeting "concluded" on July 15, 2008.  After additional briefing by the parties, the bankruptcy court issued its memorandum of decision on December 30, 2008, holding that the meeting had concluded on July 15, 2008, resulting in the Trustee's objection being untimely.  The bankruptcy court issued a separate order overruling the Trustee's objection on December 30, 2008.

The Trustee filed this timely appeal on January 9, 2009. The Debtor filed a motion for certification of direct appeal to the Sixth Circuit Court of Appeals on February 23, 2009. This Panel issued an order denying that motion on April 13, 2009, because the motion did not comply with Rule 8001(f)(3)(C) of the Federal Rules of Bankruptcy Procedure. *See In re Dutkiewicz*, 403 B.R. 472 (B.A.P. 6th Cir. 2009).

## IV. DISCUSSION

Upon the filing of a bankruptcy petition all of the debtor's property becomes property of the bankruptcy estate. 11 U.S.C. § 541. The Bankruptcy Code, however, permits a debtor to provide a list of exempt property. 11 U.S.C. § 522(b), (*l*). The listed property is allowed as exempt unless a party in interest objects. 11 U.S.C. § 522(*l*); *Taylor*, 503 U.S. at 642. Any objection to the initial list of property claimed as exempt must be made within 30 days after the conclusion of the meeting of creditors, unless further time is granted by the court. Fed. R. Bankr. P. 4003(b). If an interested party does not object within the 30 days after the conclusion of the meeting of creditors, the party is barred from objecting to the debtor's claim of exemptions even if the debtor has no "colorable statutory basis" for claiming the exemptions. *Taylor*, 503 U.S. at 643-44.

Pursuant to 11 U.S.C. § 341, the United States Trustee must convene a meeting of creditors within a reasonable time after the order for relief is entered. Federal Rule of Bankruptcy Procedure 2003 governs the commencement and continuance of the meeting of creditors. Rule 2003(e) provides that the meeting "may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." While Rule 2003(e) permits the trustee to adjourn and continue the meeting at some later date, neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure specify the manner in which the meeting is to be "concluded." *In re Cherry*, 341 B.R. 581, 585 (Bankr. S.D. Tex. 2006).

The parties here agree that the meeting of creditors required by 11 U.S.C. § 341 was scheduled and held on July 15, 2008. They disagree, however, as to when the meeting "concluded" for purposes of Rule 4003(b). The Trustee contends that the July 15, 2008, meeting was adjourned and not concluded until he filed his Report of First Meeting Held on September 16, 2008. The Debtor asserts that the meeting concluded on July 15, 2008, because the Trustee did not properly

adjourn the meeting pursuant to Rule 2003(e). The bankruptcy court held that the meeting concluded on July 15, 2008, and overruled the Trustee's objection as untimely.

The issue of when a § 341 meeting has "concluded" for purposes of Rule 4003(b) has not been addressed by the United States Supreme Court, the Sixth Circuit Court of Appeals, or the Bankruptcy Appellate Panel for the Sixth Circuit. However, other courts, including the Fifth and Ninth Circuit Courts of Appeals, have considered the issue. At least three approaches have emerged: the bright-line, the debtor's burden, and the case-by-case approach.

Pursuant to the "bright-line" approach, which has been adopted by the Ninth Circuit Court of Appeals, the trustee must announce a specific date to which the meeting is being adjourned within 30 days of the last meeting held or the meeting will be deemed to have concluded on the last date it was convened. *See Smith v. Kennedy (In re Smith)*, 235 F.3d 472, 476 (9th Cir. 2000) ("[A] delayed announcement would have to be made at least within thirty days of the last meeting held; otherwise, the whole purpose of the thirty-day requirement of Rule 4003(b) would be frustrated."); *In re Friedlander*, 284 B.R. 525, 527 (Bankr. D. Mass. 2002) (where trustee fails to announce an adjourned date and time within thirty days of the date on which the meeting of creditors was last held, the meeting is deemed to have concluded on the last meeting date); *In re Levitt*, 137 B.R. 881, 883 (Bankr. D. Mass. 1992) (same). "As the Supreme Court observed in *Taylor*, '[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.' " *In re Smith*, 235 F.3d at 476 (quoting *Taylor*, 503 U.S. at 644). In adopting the "bright-line" approach in *Smith*, the Ninth Circuit Court of Appeals explained that "[t]o authorize trustees to adjourn meetings indefinitely, even when it is unlikely that any subsequent meeting will in fact be called, would nullify the thirty-day requirement of Rule 4003(b), rendering the holding in *Taylor* hollow, and undermining the concerns expressed by the Supreme Court about promptness and finality." *Id*. Courts favoring this approach note that a bright-line rule provides certainty to trustees as to what assets are to be administered, and allows debtors to move on with their fresh start by allowing exemptions to become final within a definite and relatively short time. *See In re Friedlander*, 284 B.R. at 527; *In re Levitt*, 137 B.R. at 883.

Under the "debtor's burden" approach, the meeting is concluded either when the trustee declares it concluded, or the debtor obtains a court order concluding the § 341 meeting. *See In re*

*Koss*, 319 B.R. 317, 321 (Bankr. D. Mass. 2005) (holding that meeting is not concluded until trustee declares so or court so orders; rejecting bright-line approach previously adopted by court in *In re Levitt*); *In re Flynn*, 200 B.R. 481, 484 (Bankr. D. Mass. 1996) (same); *In re DiGregorio*, 187 B.R. 273, 276 (Bankr. N.D. Ill. 1995) (holding that meeting can continue indefinitely; debtor has burden to move for court to conclude meeting; motions to be taken on case-by-case basis and action taken "only if debtor objects to continuance, and the adjournment is found to be 'arbitrary, capricious, or an abuse of discretion'") (quoting *In re Vance*, 120 B.R. 181, 196 (Bankr. N.D. Okla. 1990)). Courts adopting this approach express a reluctance to impose a precise deadline, such as the 30-day deadline of the bright-line approach, where the statutes and rules do not provide one. *See In re Flynn*, 200 B.R. at 484. Courts following the "debtor's burden" approach are concerned that considering the reasonableness of the trustee's actions is too uncertain. *Id.* Instead, these courts believe placing the burden on the debtor is justified because "the debtor has the greatest interest in concluding the meeting so as to trigger the 30-day objection period . . . ." *In re DiGregorio*, 187 B.R. at 276. Both the Fifth and Ninth Circuit Courts of Appeals have rejected this approach. *See In re Smith*, 235 F.3d at 477 n.4; *Peres v. Sherman (In re Peres)*, 530 F.3d 375, 378 (5th Cir. 2008).

The case-by-case approach, which has been adopted by the Fifth Circuit Court of Appeals, considers the facts and circumstances on a case-by-case basis to determine whether a meeting of creditors was concluded or adjourned. *See In re Peres*, 530 F.3d at 378 (holding case-by-case approach affords trustee discretion while restraining ability to indefinitely postpone meeting); *Petit v. Fessenden*, 182 B.R. 59, 63 n.4 (D. Me. 1995) (finding appropriate a rule that recognizes need for finality but allows flexibility of considering facts on a case-by-case basis); *In re Cherry*, 341 B.R. at 587 (applying case-by-case approach); *In re James*, 260 B.R. 368, 372 (Bankr. E.D.N.C. 2001) (same); *In re Brown*, 221 B.R. 902, 906 (Bankr. M.D. Fla. 1998) (case-by-case approach allows trustees discretion to perform their duties, but with some limitations based on reasonableness). The Fifth Circuit Court of Appeals has identified four factors which other courts have considered in determining the reasonableness of a trustee's delay in adjourning a meeting of creditors: "(1) the length of the delay; (2) the complexity of the estate; (3) the cooperativeness of the debtor; and (4) the existence of any ambiguity regarding whether the trustee continued or concluded the meeting." *In re Peres*, 530 F.3d at 378. The case-by-case approach is grounded in an effort to afford trustees

discretion yet prevent them from indefinitely postponing the meeting. *See In re Cherry*, 341 B.R. at 587.

The bankruptcy court in the present case stated that it "favor[ed] the case-by-case approach . . . as more faithful to the text and policy of Rule 2003(e)." (J.A. at 121.) The court then went on to state:

> [A] bright-line is necessary. It is, therefore, reasonable to conclude that the adjournment of the first meeting of creditors must be effected by some objective notification to the debtor and creditors, so each knows where that bright line falls. . . . . Rule 4003(b)(1), with its strict 30 day deadline, is very unforgiving. Freeland & Kronz, supra.

(J.A. at 121.) The court then explained that Rule 2003(e) requires objective notice by the trustee of his intent to adjourn the meeting, notice which must be written unless the trustee gives specific oral notice of a new date and time for the meeting to everyone present. The court noted that expressing the need for further questioning or investigation does not by itself continue the meeting without also providing prompt written notice of adjournment. The bankruptcy court found that the Trustee's statements at the meeting suggested only that his investigation was not complete and did not "qualify as an unequivocal and specific oral announcement . . . to adjourn the First Meeting," and that no written notice of an adjourned date was provided within a reasonable time following the July 15, 2008, meeting. Therefore, the bankruptcy court held that the meeting concluded on July 15, 2008, and the objection, filed more than two months later, was untimely. The Trustee also argued before the bankruptcy court that by analogy to the rules governing entry of judgments, Federal Rules of Bankruptcy Procedure 9021 and 5003, the court should adopt the entry of the Trustee's Report of First Meeting Held filed on September 16, 2008, as the date the first meeting was concluded. The bankruptcy court rejected this argument. The Trustee did not present this argument before us, and, therefore, it is waived. *See United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) (arguments not addressed are deemed waived).

The Trustee argues that although the bankruptcy court stated that it favored the case-by-case approach, it nevertheless applied a bright-line test by essentially requiring that the Trustee give a specific date and time orally at the meeting, or written notice of an adjourned date within a reasonable time after the first meeting. He also asserts that the bankruptcy court failed to consider

the reasonableness of his actions. The Trustee urges us to hold that his statements at the meeting on July 16, 2008, constituted holding the meeting open, that his actions were reasonable, and that the meeting was not concluded until September 16, 2008, when he filed his Report of First Meeting Held.

The Debtor urges us to adopt an entirely different approach under which the meeting always concludes on the date it is initially held. This approach, she urges, has the advantage of providing a "simple rule with an objective standard that is easily applied." (Appellee's Br. at 7.) In urging this approach, the Debtor notes that the Bankruptcy Code and Federal Rules of Bankruptcy Procedure do not define the words "meeting" or "concluded" and that therefore we must turn to their ordinary and natural meanings. *See U.S. v. McBride*, 362 F.3d 360, 371 (6th Cir. 2004) (undefined terms in statutes should be given their ordinary and natural meaning).

Black's Law Dictionary ("Black's") defines "meeting," in pertinent part, as "[a] coming together of persons; an assembly." BLACK'S LAW DICTIONARY 982 (6th ed. 1990). Black's defines "concluded" as "[e]nded; determined; estopped; prevented from." *Id*. at 290. According to the Debtor, in the context of Rule 4003 the word "concluded" means "ended." She asserts then that because a meeting is a gathering of people, a meeting ends or "concludes" when those persons are no longer gathered. Therefore, under a "plain meaning" approach, adjourned meetings do not constitute a single, continuous meeting, but rather a series of meetings with each meeting concluding when the necessary parties, the trustee and debtor, leave. Consequently, "[b]ecause the end of the initial meeting in a series of meetings is the first time at which it can be said that a meeting has 'concluded,' the deadline to object to exemptions should be construed as always running from this date." (Appellee's Br. at 6.) Under the Debtor's proposed approach, the bankruptcy court should be affirmed because the meeting concluded on the day it was convened. We reject the Debtor's suggested approach, however, because the language of Rule 2003(e) does not provide for a series of individual meetings. Rather, Rule 2003(e) provides: "*The* meeting may be adjourned from time to time." Fed. R. Bankr. P. 2003(e) (emphasis added).

The only two circuit courts to address this issue have rejected the debtor's burden approach. In *Smith*, the Ninth Circuit Court of Appeals rejected the approach as paying insufficient heed to the Supreme Court's interest in firm, explicit deadlines as expressed in *Taylor*, 503 U.S. at 644, and the

trustee's duty to keep the bankruptcy process moving. *See In re Smith*, 235 F.3d at 477 n.4. The Fifth Circuit rejected the approach as "ignor[ing] the clearly-established policy of the Bankruptcy Code of encouraging promptness in the filing of objections to exemptions, because it would permit a trustee to continue a meeting of creditors indefinitely." *In re Peres*, 530 F.3d at 378. We likewise reject the debtor's burden approach. However, on the facts of this case, it is not necessary for us to adopt either the bright-line or the case-by-case approach because, under either approach, the Trustee's objection was untimely. *See Bellsouth Telecomm., Inc. v. Farris*, 542 F.3d 499, 505 (6th Cir. 2008) (deciding only what is necessary to resolve current case); *Premier Capital, Inc. v. DeCarolis (In re DeCarolis)*, 259 B.R. 467, 470-71 (B.A.P. 1st Cir. 2001) (rejecting the bright-line approach, but finding it unnecessary on the facts of the case to decide between the case-by-case or debtor's burden approach).

The only meeting held in this case was on July 15, 2008. The Trustee did not announce an adjourned date within 30 days from that date. Therefore, under the bright-line approach, the meeting was concluded on July 15, 2008, and the Trustee's objection to the Debtor's claim of exemptions, which was not filed until more than two months later, was untimely. Applying the case-by-case approach and the factors set forth by the Fifth Circuit in *Peres*, we would agree with the bankruptcy court that the meeting was concluded on July 15, 2008. In arguing that the meeting was not concluded until September 16, 2008, the Trustee focuses on the relatively short delay of approximately two months between the initial meeting on July 15, 2008, and the September 16, 2008, filing of his Report of First Meeting Held, as compared to much longer delays in other cases where courts have found the actions of trustees reasonable. While the delay of approximately two months here was indeed relatively brief, the estate was not complex, and the Debtor was cooperative. More importantly, the Trustee did not state clearly that he was keeping the meeting open, which created ambiguity as to whether he was continuing or concluding the meeting. As the bankruptcy court stated, expressing the possible need for further questioning or investigation does not by itself continue the meeting. For example, the Trustee's possible need for further information or further questions, expressed at the July 15, 2008, meeting, might well have been handled informally through Debtor's counsel, as the Trustee indicated, or through a Rule 2004 examination.

This ambiguity as to whether the meeting was ever adjourned distinguishes the present case from the cases cited by the Trustee. *Cf. In re Peres*, 530 F.3d at 376 (undisputed that meeting was

continued without a formal announcement as to the date of continuation); *Petit v. Fessenden,* 182 B.R. at 62 (U.S. Trustee ended previous meeting by saying: "'All right, for probably the third time, this meeting is continued without a date.'"); *In re Koss*, 319 B.R. at 321 (parties did not dispute whether meeting was held open for seven months); *In re Brown*, 221 B.R. at 903 (although no tape recording of meeting existed, "Trustee either implicitly or explicitly continued the meeting of creditors to an unspecified future date"); *In re Flynn*, 200 B.R. at 482 (undisputed that meeting had been continued generally); *In re DiGregorio*, 187 B.R. at 274 n.1 (attorney representing U.S. Trustee "stated at the meeting, ' . . . I'm going to go ahead and adjourn the meeting. I am going to continue it generally, I'm not concluding it.'"); *In re Havanec*, 175 B.R. 920, 921-22 (Bankr. N.D. Ohio 1994) (undisputed that representative of U.S. Trustee stated "forcefully and publicly" at the meeting that the meeting was adjourned indefinitely). Had the Trustee clearly indicated on July 15, 2008, that the meeting was being held open, a delay of several months before concluding the meeting may well have been acceptable under the case-by-case approach. Nevertheless, given the ambiguity regarding whether the Trustee even continued the meeting to an unspecified date, we cannot say that the bankruptcy court erred in ruling that the § 341 meeting concluded on July 15, 2008, the date the meeting was held. *See In re Peres*, 530 F.3d at 379 (listing "existence of any ambiguity regarding whether the trustee continued or concluded the meeting" as a factor in the case-by-case analysis). Because the Trustee's objection to the Debtor's claim of exemptions was filed more than 30 days after the § 341 meeting of creditors concluded, it was untimely under Rule 4003(b).

## V. CONCLUSION

For the foregoing reasons, the order of the bankruptcy court overruling the Trustee's objection to the Debtor's claim of exemptions is AFFIRMED.